CARL G. MANN, Respondent, v MERIDIAN CENTRE ASSOCIATES, LLC, Appellant. [794 NYS2d 272]—

Appeal from an order of the Supreme Court, Monroe County (Evelyn Frazee, J.), entered July 2, 2004. The order, insofar as appealed from, denied that part of defendant's motion for summary judgment dismissing the Labor Law § 240 (1) claim and granted plaintiff's cross motion for partial summary judgment on liability on that claim.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action to recover damages for injuries he sustained while working at the site of a construction project. Supreme Court properly denied that part of defendant's motion for summary judgment dismissing the Labor Law § 240 (1) claim and granted plaintiff's cross motion for partial summary judgment on liability on that claim. Defendant, the owner and the general contractor on the project, subcontracted with plaintiff's employer to install the exterior masonry veneer on the building. At the time of the accident, plaintiff was attempting to raise a scaffold by standing on a metal bar that was inserted into a wheel. According to plaintiff, he had to stand on top of the metal bar to rotate the wheel and thereby raise the scaffold. The metal bar was approximately 40 inches above the platform of the scaffold, and plaintiff injured his knee when the bar slipped and he "came off the bar."

Contrary to defendant's contention, the court properly determined that Labor Law § 240 (1) applies herein. The record establishes that the metal bar on which plaintiff was standing in order to raise the scaffold is a part of a hoisting mechanism and falls within the ambit of the statute. We conclude that the metal bar is analogous to a "come along." That device has been held to constitute one of the "other devices" within the meaning of the statute, which refers in part to "scaffolding, hoists, stays . . . and other devices" (see *Koumianos v State of New York*, 141 AD2d 189, 191 [1988]). In *Koumianos*, the record established that the "come along was utilized to tighten cables intended to support the scaffolding . . . [and thus] may properly be deemed a 'functionally similar or related device' within the statutory coverage" (*id.*; see *Simon v Schenectady N. Congregation of Jehovah's Witnesses*, 132 AD2d 313, 316 [1987]). The same reasoning applies with respect to the metal bar herein, which was used to raise and lower the scaffold.

Also contrary to defendant's contention, at the time of his accident plaintiff was standing on the metal bar more than three feet above the scaffold's platform, and thus "his work entailed a

'significant risk inherent in the particular task because of the relative elevation at which the task [had to] be performed' " (*Norton v John P. Bell & Sons*, 237 AD2d 928, 929 [1997]). Indeed, we note that "[t]he sufficiency of an elevation differential and fall from a height for purposes of Labor Law § 240 (1) liability cannot . . . be reduced to a numerical bright-line test or automatic minimum/maximum quantification" (*Amo v Little Rapids Corp.*, 301 AD2d 698, 701 [2003], *appeals dismissed and lv dismissed and denied* 100 NY2d 531 [2003], *appeals dismissed and lv dismissed* 1 NY3d 556, *appeal dismissed and lv dismissed* 1 NY3d 557 [2003], *appeal dismissed* 1 NY3d 558 [2003]). Present—Pigott, Jr., P.J., Green, Kehoe, Martoche and Hayes, JJ.