■ MICHAEL MIANO, Appellant, v SKYLINE NEW HOMES CORP. et al., Respondents. (And a Third-Party Action.) [830 NYS2d 257]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Richmond County (Vitaliano, J.), dated September 27, 2005, as granted those branches of the motion of Dzeladin Lutvi Contractors, Dzeladin Lutvi, individually, Dzeladin Litvi, doing business as Dzeladin Lutvi Contractors, and Dzeladin Lutvi Contractors, and those branches of the separate motion of Celebration, LLC, and NYC Partnership Housing Development Fund Company, Inc., which were for summary judgment dismissing the causes of action based on Labor Law

§ 241 (6) and § 200 and common-law negligence insofar as asserted against them.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof granting that branch of the motion of Celebration, LLC, and NYC Partnership Housing Development Fund Company, Inc., which was for summary judgment dismissing the cause of action based on Labor Law § 241 (6) for alleged violation of Industrial Code (12 NYCRR) § 23-1.7 (f) insofar as asserted against them, and substituting therefor a provision denying that branch of the motion, and (2) by deleting the provision thereof granting that branch of the motion of Celebration, LLC, which was for summary judgment dismissing the causes of action based on Labor Law § 200 and common-law negligence insofar as asserted against it, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from; and it is further,

Ordered that Dzeladin Lutvi Contractors, Dzeladin Lutvi, individually, Dzeladin Litvi, doing business as Dzeladin Lutvi Contractors, and Dzeladin Lutvi Contractors are awarded one bill of costs payable by the plaintiff, and the plaintiff is awarded one bill of costs payable by Celebration, LLC, and NYC Partnership Housing Development Fund Company, Inc.

The plaintiff, an employee of a subcontractor hired to perform plumbing work on a newly-constructed home, allegedly was injured while descending wooden forms that had been installed in preparation for the construction of a concrete stairway leading from the ground level to the basement apartment. Prior to the accident, the plaintiff had been instructed by his employer to perform certain work in the basement apartment. In order to reach that area, the plaintiff walked down the wooden forms, which consisted of lengths of wood into which concrete would later be poured to form the steps. When he reached the bottom form, the plaintiff noticed a puddle of water at ground level and, as he prepared to step or jump over the puddle, the bottom form moved or gave way, causing him to fall backwards.

The plaintiff commenced this action to recover damages for personal injuries against, inter alia, Celebration, LLC (hereinafter Celebration), the general contractor, NYC Partnership Housing Development Fund Company, Inc. (hereinafter NYC Fund), the owner of the premises, and Dzeladin Lutvi Contractors, Dzeladin Lutvi, individually, Dzeladin Lutvi, doing business as Dzeladin Lutvi Contractors, and Dzeladin Lutvi Contractors (hereinafter collectively the Lutvi defendants)—the concrete subcontractor hired by Celebration to construct the stairway.

The plaintiff asserted, inter alia, causes of action based on Labor Law § 241 (6) and § 200 and common-law negligence.

The Lutvi defendants moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them, and Celebration and NYC Fund separately moved, inter alia, for similar relief. The Supreme Court granted those branches of the motions which were for summary judgment dismissing the causes of action based on Labor Law § 241 (6) and § 200 and common-law negligence. The plaintiff appeals.

Contrary to the plaintiff's contention, the Lutvi defendants established, as a matter of law, that they did not have the ability to control the activity which brought about the plaintiff's injury so as to become a statutory agent of the owner or general contractor for purposes of Labor Law § 241 (6) (*see Walls v Turner Constr. Co.,* 4 NY3d 861, 863-864 [2005]; *Russin v Louis N. Picciano & Son,* 54 NY2d 311, 317-318 [1981]; *Bopp v A.M. Rizzo Elec. Contrs., Inc.,* 19 AD3d 348, 350-351 [2005]). In opposition, the plaintiff failed to raise a triable issue of fact. Thus, that cause of action was properly dismissed insofar as asserted against the Lutvi defendants.

The court erred, however, in granting that branch of the motion of Celebration and NYC Fund which was to dismiss the Labor Law § 241 (6) cause of action to the extent predicated on an alleged violation of Industrial Code § 23-1.7 (f). The requirements of Industrial Code § 23-1.7 (f) set forth specific standards of conduct sufficient to found a claim based on Labor Law § 241 (6) (*see O'Hare v City of New York,* 280 AD2d 458 [2001]). Moreover, the evidence tendered by Celebration and NYC Fund in support of the relief sought failed, prima facie, to demonstrate that the plaintiff was provided with a safe means of access to the basement apartment (*see Gonzalez v Pon Lin Realty Corp.,* 34 AD3d 638 [2006]; *Smith v Woods Constr. Co.,* 309 AD2d 1155, 1156 [2003]; *Sponholz v Benderson Prop. Dev.,* 273 AD2d 791, 792 [2000]; *Akins v Baker,* 247 AD2d 562 [1998]). Accordingly, that branch of the motion should have been denied.

The court's determination that the sole proximate cause of the accident was the "plaintiff's own failure to exercise due care by attempting to reach the basement via wooden forms which he knew, or should have known, were never intended to be used as stairs," was not established as a matter of law by the record. To the contrary, at his deposition, the plaintiff testified that he had been specifically directed to perform work in the basement area on the day of the accident, despite the fact that access to the basement was normally through the area where the wooden forms had been placed. There were no barricades or other de-

vices warning the plaintiff not to walk on the forms, and Celebration's representative, Jack Thaon, never directed subcontractors not to perform any work in the basement while the forms were in place. In fact, there is evidence in the record suggesting that Thaon knew, prior to the accident, that the forms had been installed, that he personally inspected the forms, and that he was kept informed, on a daily basis, of the work to be performed by the various subcontractors. Thaon's view was that subcontractors were free to perform their work however they saw fit, and that, if there was no access to the basement via the forms, workers could "jump through a window" "if they want[ed] to." There is nothing in the record, however, to show that the basement window in fact provided a safe alternative means of accessing the basement area. Under these circumstances, the movants failed to establish, as a matter of law, that the plaintiff's own conduct was the sole proximate cause of the accident (*see Valensisi v Greens at Half Hollow, LLC,* 33 AD3d 693 [2006]; *Pichardo v Aurora Contrs., Inc.,* 29 AD3d 879, 881 [2006]).

With respect to the Labor Law § 200 and common-law negligence causes of action, we find that Celebration failed to establish, prima facie, that it had no supervisory control over the plaintiff's means of access to the basement area. We note that Celebration directly hired all subcontractors—presumably including the plaintiff's employer— and acknowledged at least "some responsibility" with respect to safety at the worksite. On this limited record, we see no grounds to dismiss the Labor Law § 200 and common-law negligence causes of action insofar as asserted against Celebration. However, NYC Fund did establish, prima facie, its entitlement to summary judgment on those two causes of action and, in opposition, the plaintiff failed to raise a triable issue of fact.

With respect to the Lutvi defendants, however, the court properly dismissed the causes of action based on Labor Law § 200 and common-law negligence. Unlike Celebration, the Lutvi defendants established, prima facie, that they had no supervisory authority over other subcontractors' means of access to the basement area. Although the Lutvi defendants may have constructed the wooden forms, they cannot be charged with the creation of a "dangerous condition" inasmuch as it is clear from the record that the wooden forms were never intended to be used as a stairway. In opposition, the plaintiff failed to raise a triable issue of fact.

The plaintiff's remaining contentions are without merit. Schmidt, J.P., Crane, Fisher and Dickerson, JJ., concur.