■ BONIFACIO HERNANDEZ, Respondent, v ARGO CORP. et al., Respondents-Appellants, and DMA CONSTRUCTION CORP., Appellant-Respondent. ARGO CORP. et al., Third-Party Plaintiffs-Respondents-Appellants, v ACCURA RESTORATION, INC., et al., Third-Party Defendants-Appellants-Respondents. [945 NYS2d 662]—

Order, Supreme Court, New York County (Joan M. Kenney, J.), entered March 15, 2011, which, insofar as appealed from as limited by the briefs, granted plaintiff's motion for partial summary judgment on his Labor Law § 240 (1) claim, granted defendants/third-party plaintiffs Argo Corp. and Jemrock Realty Corp.'s motion for summary judgment dismissing the Labor Law § 200 and common-law negligence claims as against them and for summary judgment on their cross claims for common-law indemnification against defendant/third-party defendant Accura Restoration, Inc., and denied their motion for summary judgment dismissing the Labor Law § 240 (1) claim as against them and for summary judgment on their third-party claims for contractual indemnification against defendant/third-party defendant DMA Construction Corp., denied DMA's motion for

summary judgment dismissing all claims for contribution and indemnification against it, and denied Accura's motion for summary judgment dismissing the Labor Law § 240 (1) and § 200 and the common-law negligence claims as against it and for summary judgment on its cross claim for contractual indemnification against DMA, unanimously modified, on the law, to grant conditionally Argo and Jemrock's and Accura's motions for summary judgment on their claims for contractual indemnification against DMA, and otherwise affirmed, without costs.

The configuration of the scaffold required workers regularly to travel across an open and unguarded gap of three feet. Moreover, the deposition testimony of the various defendants was less than conclusive on the procedure that workers were supposed to follow when crossing the gap. Defendants' argument focused nearly exclusively on plaintiff's detaching himself from the rope safety line before jumping across the gap; they failed to rebut the evidence that they provided an inadequate safety device in violation of Labor Law § 240 (1) (*see Zimmer v Chemung County Performing Arts*, 65 NY2d 513 [1985]). Given defendants' statutory violation, plaintiff's conduct cannot have been the sole proximate cause of the accident (*see Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 286, 290 [2003]; *Torres v Monroe Coll.*, 12 AD3d 261 [2004]).

As to the Labor Law § 200 and common-law negligence claims, the record presents an issue of fact whether Accura, which exercised daily oversight of DMA workers' safety, provided all materials, and played a role in designating where they would be kept and how accessed, had the authority to control the activity that brought about plaintiff's injury (*see Russin v Louis N. Picciano & Son*, 54 NY2d 311, 316-317 [1981]). Moreover, there is evidence that DMA installed the scaffold under Accura's direction, and it is undisputed that Accura placed the ladder in a location that necessitated the unusual configuration of the scaffold. Thus, issues of fact exist whether Accura was not only aware of the defective scaffold but also created the defect (*see Metus v Ladies Mile Inc.*, 51 AD3d 537 [2008]).

For the same reasons, Jemrock and Argo, whose sole liability to plaintiff was vicarious under Labor Law § 240 (1), are entitled to common-law indemnification against Accura (*see Picchione v Sweet Constr. Corp.*, 60 AD3d 510, 513 [2009]).

Jemrock and Argo are also entitled to conditional summary judgment on their claims for contractual indemnification against DMA, as is Accura. Since the contract provides that DMA will indemnify Jemrock, Argo and Accura "[t]o the fullest extent of the law" and only to the extent caused by its own negligence,

the indemnification provision is not barred by General Obligations Law § 5-322.1 (see Brooks v Judlau Contr., Inc., 11 NY3d 204, 208-209 [2008]). However, the extent to which Jemrock, Argo and Accura are entitled to indemnification depends on the extent to which DMA's negligence is determined to have contributed to the accident (see Hughey v RHM-88, LLC, 77 AD3d 520, 522-523 [2010]). Concur—Tom, J.P., Andrias, Saxe, Moskowitz and Acosta, JJ.