Order, Supreme Court, Bronx County (Fernando Tapia, J.), entered January 31, 2012, which granted plaintiffs’ motion for summary judgment as to liability under Labor Law § 240 (1), denied defendant/third-party plaintiff JF Contracting Corp.’s motion for summary judgment dismissing the complaint as against it, for summary judgment on its claims for common-law and contractual indemnification and breach of contract against third-party defendant Marangos Construction Corp., to strike Marangos’s answer for failure to provide insurance information, and to compel defendant/third-party plaintiff Essex Market Development LLC to produce copies of its relevant insurance policies, and denied Essex’s motion for summary judgment on its common-law and contractual indemnification claims against JF and Marangos, unanimously modified, on the law, to grant JF’s motion for summary judgment dismissing as against it the Labor Law § 200 and common-law negligence claims and the Labor Law § 241 (6) claims insofar as they are predicated on violations of Industrial Code (12 NYCRR) §§ 23-1.5, 23-1.8, 23-1.11, 23-1.15, 23-1.16, 23-1.17, 23-1.24, 23-5.3, 23-5.4, 23-5.5, 23-5.6 and 23-5.7, and for summary judgment on its indemnification claims against Marangos, and to deny Essex’s motion for summary judgment on its indemnification claims against Marangos, with leave to renew, and, upon a search of the record, summary judgment is awarded to Essex and defendant MSS Construction Corp. dismissing as against them the Labor Law § 241 (6) claims insofar as they are predicated on the above-cited violations of the Industrial Code, and otherwise affirmed, without costs.
*506 Plaintiff Domingos Monta was injured when he stepped on a section of plywood platform that, unbeknownst to him, was being dismantled, and he fell from the fourth floor to the second. There is no question that plaintiffs was a “gravity-related . . . fall[ ] from a height,” and that plaintiff was provided with no safety devices, such as a harness, to prevent the fall. Marangos’s conclusory claims that safety devices were available are not sufficient to raise an issue of fact. Thus, defendants are liable for his injuries pursuant to Labor Law § 240 (1) (see Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 501 [1993]).
To the extent the Labor Law § 241 (6) claim is predicated on Industrial Code (12 NYCRR) §§ 23-1.5 (general responsibilities of employers), 23-1.8 (personal protective equipment), 23-1.11 (lumber and nail fastenings), 23-1.15 (construction of safety railings), 23-1.16 (safety belts, harnesses, tail lines and lifelines), 23-1.17 (life nets), 23-1.24 (work on roofs) and 23-5.3, 23-5.4, 23-5.5, 23-5.6 and 23-5.7 (various types of scaffolds), it must be dismissed as against all defendants because these provisions either are too generic to support a section 241 (6) claim or are simply inapplicable to the facts of this case.
JF demonstrated that it did not supervise and control plaintiffs work or the area of the work site in which plaintiffs accident occurred, and therefore cannot be held liable for plaintiff’s injures under Labor Law § 200 or common-law negligence principles (Torkel v NYU Hosps. Ctr., 63 AD3d 587 [1st Dept 2009]). The record demonstrates that Marangos, plaintiffs employer, which pursuant to its contract with JF was responsible for site safety, was in charge of all aspects of the work at issue, including safety.
The contract between JF and Marangos obligated Marangos to indemnify JF against losses arising out of Marangos’s negligent performance of its work. Since the record establishes that plaintiffs accident was not caused by any negligence on JF’s part, that JF’s liability is purely vicarious under Labor Law § 240 (1), and potentially under section 241 (6), and that Marangos was responsible for the accident, JF is entitled to summary judgment on its contractual and common-law indemnification claims against Marangos (see Correia v Professional Data Mgt, 259 AD2d 60, 64-65 [1st Dept 1999]).
Essex failed to include a copy of the third-party complaint in its motion for summary judgment on its indemnification claims against Marangos (see CPLR 3212 [b]). We therefore affirm the denial of Essex’s motion, without prejudice to renewal upon proper papers (see Krasner v Transcontinental Equities, 64 AD2d 551 [1st Dept 1978]). The court correctly denied JF’s mo *507 tion as to the insurance policies procured by Marangos and Essex. Concur—Andrias, J.P., Renwick, Freedman and Gische, JJ.