■ HUGO OLEA, Appellant, v OVERLOOK TOWERS CORP. et al., Respondents, et al., Defendant. (And a Third-Party Action.) [965 NYS2d 39]—

Order, Supreme Court, Bronx County (Betty Owen Stinson, J.), entered April 10, 2012, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for partial summary judgment as to liability on his Labor Law § 240 (1) claim, and granted so much of the cross motions of defendants Overlook Towers Corp., Rudd Realty Management Corp., York Restoration Corp., and Lopez Construction Services, Corp. (collectively, defendants) as sought summary judgment dismissing the section 240 (1) claim, unanimously reversed, on the law, without costs, plaintiff's motion granted, defendants' cross motions denied, and the matter remanded to Supreme Court to address so much of the cross motion of defendants Overlook, Rudd, and York as sought summary judgment on their cross claims against Lopez and dismissal of the cross claims against them, and so much of defendant Lopez's cross motion as sought dismissal of the cross claims against it.

Defendants failed to establish that plaintiff's method of attempting to go from the balcony where he had been working onto a motorized scaffold was the sole proximate cause of his accident. The president of York testified that a worker would customarily go from a balcony to a motorized scaffold by jumping onto the scaffold and then climbing over its railing, which was the very method plaintiff was trying to employ when he fell (*see Hernandez v Argo Corp.*, 95 AD3d 782, 783 [1st Dept 2012]). The evidence is also inconclusive about whether safety lines

were available at the time of the accident, and whether plaintiff had been instructed to use them (*see Gallagher v New York Post*, 14 NY3d 83, 88-89 [2010]).

Moreover, even if plaintiff was negligent in performing the aforementioned acts, or in failing to dismantle a pipe scaffold blocking another means of access to the motorized scaffold, his acts were not the sole proximate cause of his accident (*see Hernandez*, 95 AD3d at 783). Indeed, the president of Lopez admitted that it would have been safer to provide ladders to protect a worker in going from a balcony to a motorized scaffold. Accordingly, the evidence shows that defendants violated Labor Law § 240 (1) by failing to provide an adequate safety device (*id.*). Concur—Mazzarelli, J.P., Andrias, Saxe, Manzanet-Daniels and Gische, JJ.