■ DOMINICK J. COSTA, as Administrator of the Estate of DO-MINICK J. COSTA, Deceased, Respondent, v STERLING EQUIPMENT, INC., Appellant. [997 NYS2d 704]—

In an action to recover damages for personal injuries, the defendant appeals, as limited by its reply brief, from so much of an order of the Supreme Court, Nassau County (Mahon, J.), dated July 15, 2013, as denied those branches of its motion which were for summary judgment dismissing the causes of action to recover damages for common-law negligence and a violation of Labor Law § 200.

Ordered that the order is affirmed insofar as appealed from, with costs.

Dominick J. Costa commenced this action to recover damages for personal injuries he allegedly sustained while working as an oiler on a crane barge owned by the defendant. Costa alleged that, as he stepped down from an elevated steel beam onto a "stack of wood" that was approximately three-to-four feet high, the wood "gave way" and he "lost [his] footing." Costa died, and his son was substituted as plaintiff in the action. Thereafter, the defendant moved for summary judgment, inter alia, dismissing the causes of action to recover damages for common-law negligence and a violation of Labor Law § 200. The Supreme Court denied those branches of the defendant's motion.

Labor Law § 200 codifies the common-law duty of an owner or contractor to provide employees with a safe place to work (*see Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876,

877 [1993]). Where, as here, a plaintiff contends that an accident occurred because a dangerous condition existed on the premises where work was being undertaken, an owner moving for summary judgment dismissing causes of action alleging common-law negligence and a violation of Labor Law § 200 has the initial burden of making a prima facie showing that it neither created the dangerous condition nor had actual or constructive notice of its existence (*see Palacios v 29th St. Apts, LLC*, 110 AD3d 698, 699 [2013]; *Ventimiglia v Thatch, Ripley & Co., LLC*, 96 AD3d 1043, 1046 [2012]; *Chowdhury v Rodriguez*, 57 AD3d 121, 128 [2008]). Here, the defendant failed to establish, prima facie, that it neither created the allegedly dangerous condition nor had actual or constructive notice of its existence. The failure to make a prima showing requires the denial of those branches of the motion which were for summary judgment dismissing the causes of action to recover damages for common-law negligence and a violation of Labor Law § 200, regardless of the sufficiency of the opposition papers (*see generally Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

The defendant's contention that the pile of wood did not constitute a dangerous condition is without merit (*see Aguilera v Pistilli Constr. & Dev. Corp.*, 63 AD3d 763, 764 [2009]; *Van Salisbury v Elliott-Lewis*, 55 AD3d 725, 726 [2008]; *Lane v Fratello Constr. Co.*, 52 AD3d 575, 576 [2008]).

Additionally, the defendant's contention that it is entitled to summary judgment since the pile of wood was open and obvious and not inherently dangerous as a matter of law is not properly before this Court, as it was raised for the first time on appeal (*see Van Salisbury v Elliott-Lewis*, 55 AD3d at 726-727).

Accordingly, the Supreme Court properly denied those branches of the defendant's motion which were for summary judgment dismissing the causes of action to recover damages for common-law negligence and a violation of Labor Law § 200. Rivera, J.P., Hinds-Radix, Duffy and LaSalle, JJ., concur.