■ VICTOR DOTO, Appellant, v ASTORIA ENERGY II, LLC, et al., Defendants/Third-Party Plaintiffs-Respondents. NEWTRON HEAT TRACE, LLC, Third-Party Defendant-Respondent. [11 NYS3d 201]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Taylor, J.), dated July 8, 2013, as denied his motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1), and granted that branch of the defendants' cross motion which was for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof denying the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1), and substituting therefor a provision granting that motion, and (2) by deleting the provision thereof granting those branches of the defendants' cross motion which were for summary judgment dismissing the causes of action alleging common-law negligence, violations of Labor Law §§ 200 and 240 (1), and so much of the cause of action alleging a violation of Labor Law § 241 (6) as was predicated on an alleged violation of 12 NYCRR 23-1.7 (f), and substituting therefor a provision denying those branches of the cross motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the plaintiff payable by the respondents appearing separately and filing separate briefs.

The plaintiff allegedly sustained injuries when he fell while climbing over a railing of a permanent platform at a power

plant, which was under construction and owned by the defendant Astoria Energy II, LLC (hereinafter Astoria). The plaintiff's employer, the third-party defendant, Newtron Heat Trace, LLC (hereinafter Newtron), had been hired to install electric heat tracing for the construction project. The plaintiff commenced this action against Astoria, as well as the general contractor, the defendant SNC-Lavalin Constructors, Inc. (hereinafter SNC), and a scaffolding company hired by Astoria, the defendant Peterson Industrial Scaffolding, Inc. (hereinafter Peterson), alleging common-law negligence and violations of Labor Law §§ 200, 240 (1) and 241 (6). Subsequently, the plaintiff moved for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1), and the defendants cross-moved for summary judgment dismissing the complaint.

According to the plaintiff's deposition testimony and affidavit, he had been assigned to work on the permanent platform, which was three or four stories above the ground, but had not received any instructions on how to access the platform. The plaintiff stated that the only route he was aware of required him to climb up a scaffolding ladder near the platform, step onto a scaffolding gate that provided access to a narrow board next to the platform but not to the platform itself, and then climb from the gate onto and over the 3½-foot railing of the permanent platform.

The ladder, the gate, and the board were part of a temporary scaffolding erected by Peterson for the construction project. SNC's site safety manager testified at his deposition that the scaffolding on the large construction site was "like a maze." While there "were several options available" to access the plaintiff's work area, the plaintiff "went the most direct route." The safety manager also testified that many construction workers climbed the scaffolding instead of using ladders, that the workers on the site could climb over railings to access platforms as long as they were secured with a harness and lanyards, and that the gate in the area of the plaintiff's accident should have been modified to provide access to the platform. Although the plaintiff wore a harness with two six-foot lanyards at the time of the accident, the lanyards did not prevent his fall from the railing onto the platform.

Labor Law § 240 (1) imposes absolute liability on owners, contractors, and their agents when their "failure to provide proper protection to workers employed on a construction site proximately causes injury to a worker" (*Wilinski v 334 E. 92nd Hous. Dev. Fund Corp.*, 18 NY3d 1, 7 [2011] [internal quotation

marks omitted]; *see* Labor Law § 240 [1]; *Nicometi v Vineyards of Fredonia, LLC*, 25 NY3d 90, 96 [2015]). However, liability may "be imposed under the statute only where the 'plaintiff's injuries were the direct consequence of a failure to provide adequate protection against a risk arising from a physically significant elevation differential' " (*Nicometi v Vineyards of Fredonia, LLC*, 25 NY3d at 97, quoting *Runner v New York Stock Exch., Inc.*, 13 NY3d 599, 603 [2009]; *see Wicks v Leemilt's Petroleum, Inc.*, 103 AD3d 793, 794-795 [2013]; *Jimenez v RC Church of Epiphany*, 85 AD3d 974, 975 [2011]).

Contrary to the contention of the defendants and Newtron, Labor Law § 240 (1) applies to the facts of this case, even though the plaintiff fell only from the railing to the platform (*see Abreo v URS Greiner Woodward Clyde*, 60 AD3d 878 [2009]; *Mann v Meridian Ctr. Assoc., LLC*, 17 AD3d 1143, 1144-1145 [2005]; *see also Gatto v Clifton Park Senior Living, LLC*, 90 AD3d 1387, 1387 [2011]; *De Jara v 44-14 Newtown Rd. Apt. Corp.*, 307 AD2d 948, 950 [2003]). The plaintiff established his prima facie entitlement to judgment as a matter of law on the issue of liability on his cause of action alleging a violation of Labor Law § 240 (1) by submitting evidence demonstrating that the defendants failed to provide him with an adequate safety device, and that such failure was a proximate cause of his injuries (*see Olea v Overlook Towers Corp.*, 106 AD3d 431, 431-432 [2013]; *Wicks v Leemilt's Petroleum, Inc.*, 103 AD3d at 795; *Susko v 337 Greenwich LLC*, 103 AD3d 434, 435 [2013]; *Bin Gu v Palm Beach Tan, Inc.*, 81 AD3d 867, 868 [2011]).

In opposition, the defendants failed to raise a triable issue of fact as to whether the plaintiff's actions in using the scaffolding and climbing over the railing, rather than using a permanent ladder that was approximately 25 to 30 feet from the scaffolding ladder, to access the permanent platform was the sole proximate cause of his injuries. A plaintiff's negligence is the sole proximate cause of his or her injuries "when the safety devices that plaintiff alleges were absent were readily available at the work site, albeit not in the immediate vicinity of the accident, and plaintiff knew he [or she] was expected to use them but for no good reason chose not to do so, causing an accident" (*Gallagher v New York Post*, 14 NY3d 83, 88 [2010]; *see Przyborowski v A&M Cook, LLC*, 120 AD3d 651, 653-654 [2014]). Here, there is no evidence that anyone instructed the plaintiff that he was "expected to" use the permanent ladder rather than the scaffolding (*Gallagher v New York Post*, 14 NY3d at 88; *see Przyborowski v A&M Cook, LLC*, 120 AD3d at 654; *Nacewicz v Roman Catholic Church of the Holy Cross*, 105

AD3d 402, 403-404 [2013]; *Kin v State of New York*, 101 AD3d 1606, 1608 [2012]).

Accordingly, the Supreme Court should have granted the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1), and denied that branch of the defendants' cross motion which was for summary judgment dismissing that cause of action.

The Supreme Court also should have denied that branch of the defendants' cross motion which was for summary judgment dismissing the causes of action alleging common-law negligence and a violation of Labor Law § 200. Labor Law § 200 is a codification of the common-law duty of owners, contractors, and their agents to provide workers with a safe place to work (*see Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 352 [1998]; *Annicaro v Corporate Suites, Inc.*, 98 AD3d 542, 544 [2012]; *Guclu v 900 Eighth Ave. Condominium, LLC*, 81 AD3d 592, 593 [2011]). Where, as here, a plaintiff contends that an accident occurred because a dangerous condition existed on the premises where the work was being undertaken, an owner moving for summary judgment dismissing causes of action alleging common-law negligence and a violation of Labor Law § 200 must make "a prima facie showing that it neither created the dangerous condition nor had actual or constructive notice of [it]" (*Costa v Sterling Equip., Inc.*, 123 AD3d 649, 650 [2014]; *see Navarro v City of New York*, 75 AD3d 590, 592 [2010]; *Chowdhury v Rodriguez*, 57 AD3d 121, 128, 131-132 [2008]; *cf. Ortega v Puccia*, 57 AD3d 54, 61-63 [2008]). A contractor may be liable in common-law negligence and under Labor Law § 200 in cases involving an allegedly dangerous premises condition "only if it had control over the work site and either created the dangerous condition or had actual or constructive notice of it" (*Martinez v City of New York*, 73 AD3d 993, 998 [2010]; *see Schultz v Hi-Tech Constr. & Mgt. Servs., Inc.*, 69 AD3d 701, 701-702 [2010]). Moreover, an entity is not deemed to be an agent of an owner or contractor for purposes of Labor Law § 200 if it "lacked sufficient control over the premises and the activity that brought about the injury" (*Navarro v City of New York*, 75 AD3d at 592; *see Dos Santos v STV Engrs., Inc.*, 8 AD3d 223, 224-225 [2004]).

Here, the defendants failed to establish their prima facie entitlement to judgment as a matter of law dismissing the causes of action alleging common-law negligence and a violation of Labor Law § 200 (*see Costa v Sterling Equip., Inc.*, 123 AD3d at 650; *Schultz v Hi-Tech Constr. & Mgt. Servs., Inc.*, 69

AD3d at 702). Thus, the Supreme Court should have denied that branch of the defendants' cross motion which was for summary judgment dismissing those causes of action, regardless of the sufficiency of the opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Costa v Sterling Equip., Inc.*, 123 AD3d at 650).

Furthermore, the Supreme Court improperly granted that branch of the defendants' cross motion which was for summary judgment dismissing so much of the cause of action alleging a violation of Labor Law § 241 (6) as was predicated upon an alleged violation of 12 NYCRR 23-1.7 (f). The plaintiff alleged that the defendants violated 12 NYCRR 23-1.7 (f) for the first time in his motion. Although a plaintiff asserting a Labor Law § 241 (6) cause of action must allege a violation of a specific and concrete provision of the Industrial Code (*see Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 503 [1993]), the failure to identify the code provision in the complaint or bill of particulars is not fatal to such a cause of action (*see Przyborowski v A&M Cook, LLC*, 120 AD3d at 654). Here, the plaintiff's belated allegation that the defendants violated 12 NYCRR 23-1.7 (f) involved no new factual allegations, raised no new theories of liability, and caused no prejudice to the defendants (*see Przyborowski v A&M Cook, LLC*, 120 AD3d at 654; *Klimowicz v Powell Cove Assoc., LLC*, 111 AD3d 605, 606-607 [2013]; *Ramirez v Metropolitan Transp. Auth.*, 106 AD3d 799, 800 [2013]). Moreover, 12 NYCRR 23-1.7 (f) sets forth a specific, rather than general, safety standard and is sufficient to support a Labor Law § 241 (6) cause of action (*see Baker v City of Buffalo*, 90 AD3d 1684, 1685 [2011]; *Intelisano v Sam Greco Constr., Inc.*, 68 AD3d 1321, 1323 [2009]; *Miano v Skyline New Homes Corp.*, 37 AD3d 563, 565 [2007]). In support of their cross motion, the defendants did not establish, prima facie, either that 12 NYCRR 23-1.7 (f) was inapplicable to the facts of this case, or that the alleged violation of the provision was not a proximate cause of the plaintiff's injuries (*see Baker v City of Buffalo*, 90 AD3d at 1685; *Harris v Hueber-Breuer Constr. Co., Inc.*, 67 AD3d 1351, 1353 [2009]; *Miano v Skyline New Homes Corp.*, 37 AD3d at 565). Accordingly, the Supreme Court should have denied that branch of the defendants' cross motion which was for summary judgment dismissing so much of the cause of action alleging a violation of Labor Law § 241 (6) as was predicated upon an alleged violation of that provision, without regard to the sufficiency of the opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d at 853).

However, the Supreme Court properly granted that branch

of the defendants' cross motion which was for summary judgment dismissing so much of the cause of action alleging a violation of Labor Law § 241 (6) as was predicated upon alleged violations of 12 NYCRR 23-1.7 (e) (1) (*see O'Sullivan v IDI Constr. Co., Inc.*, 7 NY3d 805, 806 [2006]; *DeLiso v State of New York*, 69 AD3d 786, 786 [2010]) and 12 NYCRR 23-5.1 (f) and (h) (*see Klimowicz v Powell Cove Assoc., LLC*, 111 AD3d at 607; *Allan v DHL Express [USA], Inc.*, 99 AD3d 828, 831 [2012]).

Newtron's remaining contention is without merit. Mastro, J.P., Sgroi, Cohen and Duffy, JJ., concur.