Chiarella v New York State Thruway Auth. (2024 NY Slip Op 04122)

Chiarella v New York State Thruway Auth.

2024 NY Slip Op 04122

Decided on August 7, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 7, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
JOSEPH J. MALTESE
WILLIAM G. FORD
CARL J. LANDICINO, JJ.

2022-10215

[*1]Don Gregory Chiarella, appellant, 
v
New York State Thruway Authority, respondent. (Claim No. 132637)

Wingate, Russotti, Shapiro, Moses & Halperin, LLP (Lisa M. Comeau, Garden City, NY, of counsel), for appellant.
Wilson, Elser, Moskowitz, Edelman & Dicker LLP, New York, NY (Patrick J. Lawless of counsel), for respondent.

DECISION & ORDER
In a claim to recover damages for personal injuries, the claimant appeals from an order of the Court of Claims (Walter Rivera, J.), dated May 27, 2022. The order, insofar as appealed from, denied those branches of the claimant's motion which were for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) and so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on violations of 12 NYCRR 23-1.7(f) and 23-1.15(a), and granted that branch of the defendant's cross-motion which was for summary judgment dismissing so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on violations of 12 NYCRR 23-1.21 and 23-2.7.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying those branches of the claimant's motion which were for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) and so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on violations of 12 NYCRR 23-1.7(f) and 23-1.15(a), and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the claimant.
The claimant allegedly sustained personal injuries while working on the construction of the Governor Mario M. Cuomo Bridge (hereinafter the bridge), which was owned by the defendant, New York State Thruway Authority. On the day of his accident, the claimant was descending from an upper walkway to a lower walkway on the work site, using a wooden pallet that had been installed between the two levels by another worker. As the claimant stepped on the wooden pallet, he reached for a handrail on his left-hand side, and the handrail swung approximately one foot away from him, causing him to lose his balance. At the same time, the wooden pallet shifted and fell, thereby causing the claimant to fall onto the lower walkway.
Thereafter, the claimant commenced this claim to recover damages for personal injuries against the defendant, alleging, among other things, violations of Labor Law §§ 240(1) and 241(6) predicated, inter alia, on violations of 12 NYCRR 23-1.7(f), 23-1.15(a), 23-1.21, and 23-2.7. The claimant moved, among other things, for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) and so much of the cause of action [*2]alleging a violation of Labor Law § 241(6) as was predicated on those Industrial Code provisions, and the defendant cross-moved for summary judgment dismissing the claim. In an order dated May 27, 2022, the Court of Claims, inter alia, denied those branches of the claimant's motion and granted that branch of the defendant's cross-motion which was for summary judgment dismissing so much of the Labor Law § 241(6) cause of action as was predicated on violations of 12 NYCRR 23-1.21 and 23-2.7. The claimant appeals.
"Labor Law § 240(1) imposes upon owners and general contractors, and their agents, a nondelegable duty to provide safety devices necessary to protect workers from risks inherent in elevated work sites" (Ennis v Noble Constr. Group, LLC, 207 AD3d 703, 704 [internal quotation marks omitted]). "To prevail on a cause of action alleging a violation of Labor Law § 240(1), a plaintiff must show, prima facie, that the defendant violated the statute and that such violation was a proximate cause of his or her injuries" (Lochan v H & H Sons Home Improvement, Inc., 216 AD3d 630, 632). "Although comparative fault is not a defense to the strict liability of the statute, where the plaintiff is the sole proximate cause of his or her own injuries, there can be no liability under Labor Law § 240(1)" (Lojano v Soiefer Bros. Realty Corp., 187 AD3d 1160, 1162). The plaintiff's own negligence is the sole proximate cause of his or her injuries "when the safety devices that plaintiff alleges were absent were readily available at the work site, albeit not in the immediate vicinity of the accident, and plaintiff knew he [or she] was expected to use them but for no good reason chose not to do so, causing an accident" (Gallagher v New York Post, 14 NY3d 83, 88).
Here, the claimant made a prima facie showing of his entitlement to judgment as a matter of law on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) through the submission of his deposition testimony, affidavit, and employee statement, all of which demonstrated that the defendant's failure to provide the claimant with a ladder to traverse the vertical distance between walkway platforms was a proximate cause of the accident (see Panfilow v 66 E. 83rd St. Owners Corp., 217 AD3d 875, 878; Doto v Astoria Energy II, LLC, 129 AD3d 660, 662).
In opposition, the defendant failed to raise a triable issue of fact. Although the defendant contended that the sole proximate cause of the accident was the claimant's decision to use the wooden pallet, rather than a readily available ladder, to descend from the upper walkway, the defendant failed to submit sufficient evidence to raise a triable issue of fact as to whether a proper ladder was readily available to the claimant or whether the claimant had been instructed to use a ladder rather than the wooden pallet installed between the walkway levels (see Santiago v Hanley Group, Inc., 216 AD3d 833, 834; Doto v Astoria Energy II, LLC, 129 AD3d at 662). Accordingly, the Court of Claims should have granted that branch of the claimant's motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1).
"Labor Law § 241(6) requires that construction sites be conducted so as to provide reasonable and adequate protection and safety to persons employed therein" (Mushkudiani v Racanelli Constr. Group, Inc., 219 AD3d 613, 615 [internal quotation marks omitted]). "To prevail on a cause of action alleging a violation of Labor Law § 241(6), a plaintiff must establish the violation of an Industrial Code provision that sets forth specific, applicable safety standards, and that his or her injuries were proximately caused by such Industrial Code violation" (Moscati v Consolidated Edison Co. of N.Y., Inc., 168 AD3d 717, 718).
Here, the claimant demonstrated, prima facie, that the defendant violated 12 NYCRR 23-1.7(f) by failing to provide "ladders or other safe means of access" from walkway levels on the work site and that this violation was a proximate cause of the accident. The claimant also demonstrated, prima facie, that the defendant violated 12 NYCRR 23-1.15(a) by failing to provide a safety railing that was "securely supported." Contrary to the defendant's contention, the claimant's deposition testimony established, prima facie, that the unstable handrail, which swung away from the claimant and caused him to lose his balance, was a proximate cause of the accident.
In opposition, the defendant failed to raise a triable issue of fact.
Accordingly, the Court of Claims should have granted that branch of the claimant's motion which was for summary judgment on the issue of liability on so much of the Labor Law § 241(6) cause of action as was predicated on violations of 12 NYCRR 23-1.7(f) and 23-1.15(a).
However, the Court of Claims properly granted that branch of the defendant's cross-motion which was for summary judgment dismissing so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on violations of 12 NYCRR 23-1.21 and 23-2.7. The defendant established, prima facie, that these Industrial Code provisions were inapplicable to the facts of this case since the claimant was not using a ladder (see id. § 23-1.21) or a stairway (see id. § 23-2.7) at the time of the accident. In opposition, the claimant failed to raise a triable issue of fact.
IANNACCI, J.P., MALTESE, FORD and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court