Hearns v Blended Family LLC

2026 NY Slip Op 02373

April 21, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Gaines Hearns, Appellant-Respondent,

v

Blended Family LLC, Respondent-Appellant, Abeken Apartments LP, Defendant-Respondent.

Decided and Entered: April 21, 2026

Index No. 801860/22|Appeal No. 6121|Case No. 2025-01282|

Before: Webber, J.P., Friedman, González, O'Neill Levy, Michael, JJ.

Block O'Toole & Murphy, LLP, New York (Christina R. Mercado of counsel), for appellant-respondent.

Coffey Modica LLP, Islandia (Robert Modica of counsel), for respondent-appellant.

Horn Appellate Group, Brooklyn (Ross Salvatore Friscia of counsel), for respondent.

[*1]

Order, Supreme Court, New York County (Myrna Socorro, J.), entered on or about January 3, 2025, which, to the extent appealed from as limited by the briefs, granted in part the motion of defendant Abeken Apartments, LLP for summary judgment dismissing plaintiff's Labor Law § 240(1) claim as against it and for judgment in its favor on its cross-claim for contractual indemnification against defendant Blended Family LLC to the extent of dismissing plaintiff's Labor Law § 240(1) claim as against Abeken and granting Abeken conditional contractual indemnification against Blended Family, and granted the motion of defendant Blended Family for summary judgment dismissing plaintiff's Labor Law § 240(1) claim as against it, unanimously affirmed, without costs.

Plaintiff, a telecommunications field technician employed by nonparty Verizon, alleges that he was injured while he was installing wi-fi services at a mixed-use building. The premises were owned by Abeken, which leased the commercial portion of its basement to Blended Family for operation of a daycare center. The lease did not include the basement on the residential side of the building, which contained a superintendent's office, storage room, sprinkler room, and telecommunications equipment room. Although the residential and commercial basements for the building were contiguous, there was no door connecting them; each was separately accessed from outside the building. Blended Family engaged Verizon to provide it with wireless internet services.

[*2]

Plaintiff testified that when he arrived at the building, he proceeded to Blended Family's space. Upon inspection, he determined that Blended Family's router would be located inside its leased basement space and would be connected by wire to the building's Verizon's router, which was in a telecommunications equipment room inside the residential basement. Since plaintiff needed to access the basement, either he or one of Blended Family's employees contacted Abeken's superintendent, who unlocked the basement from the outside and escorted him in. According to plaintiff, connecting the Blended Family router to Verizon's equipment required a "long run" through the drop ceiling from Blended Family's space into the residential basement's hallway, and then to the telecommunications equipment room. Plaintiff stated that this required drilling a hole in the wall between Blended Family's space and the basement hallway and then a hole in the wall between the basement hallway and the Verizon equipment room to feed the cable through and back into the drop ceiling. Plaintiff set up one of his two ladders inside Blended Family's space and the other inside the telecommunications equipment room. According to plaintiff, since he would also need a ladder in the basement hallway, he asked to use the building's ladder, which was in the basement of the building, so he would not have to move either of his two ladders. Plaintiff stated thathe was allowed use of the building ladder by the superintendent. This is disputed by the superintendent who testified that he did not provide plaintiff with a ladder. According to plaintiff, he began feeding the wire through Blended Family's drop ceiling, through a hole he drilled in the wall between Blended Family's space and the building's hallway, and then into the hallway's drop ceiling. He then began to run the cable through the hallway's drop ceiling while standing on the building's ladder. While pulling the cable, he felt the ladder shift to the right and fall all the way over, taking him with it. According to plaintiff, he did not observe any defects or problems with the ladder before or after his accident and did not know what caused him to fall. He also did not remember how the ladder landed other than it was either closed or partially closed. He never inspected the ladder or determined whether it was broken.

[*3]

The building superintendent testified that he allowed plaintiff into the basement telecommunications equipment room and remained outside during the entire time plaintiff performed his work. The superintendent testified that he observed plaintiff open the box and connect some wires. He did not see plaintiff drill any holes and did not know if plaintiff had a drill or whether plaintiff's work required drilling in order to run wires. The superintendent testified that after plaintiff completed his work, he locked the door to the telecommunications equipment room and walked plaintiff back to the daycare center. He testified that he never saw plaintiff again, that plaintiff never returned to the residential side of the building, and that plaintiff did not perform any other work in the basement later that day.

Plaintiff commenced suit against Abeken and Blended Family, alleging causes of action for common-law negligence and violations of Labor Law §§ 200, 240(1), and 241(6). Plaintiff subsequently moved for partial summary judgment on his claims pursuant to Labor Law § 240(1), arguing that Abeken and Blended Family were subject to Labor Law liability as the owner and lessee of the premises, that he was a protected person engaged in an alteration activity, that the ladder shifted and thus was not a sufficient device, and that he was not the sole proximate cause of the accident.

Abeken moved for summary judgment dismissing the complaint and for judgment against Blended Family on its contractual indemnity claim. Abeken argued that plaintiff was not a "covered worker" under the statute because the work that was performed—cable television work—was not a covered activity under the statute. Alternatively, Abeken argued that plaintiff was not a covered person because the work was a mere alteration not encompassed by Labor Law § 240(1). Abeken also moved for indemnity against Blended Family.

Blended Family opposed that portion of Abeken's motion for indemnity, arguing that Abeken was in exclusive control of the area of the accident and the ladder from which plaintiff fell, making any indemnity provision void. It also argued that the provision was not triggered because the accident did not occur in or about the demised premises.

[*4]

Supreme Court denied plaintiff's motion for partial summary judgment on his Labor Law § 240(1) claim and granted the motions of Blended Family and Abeken seeking dismissal of that claim. As to Abeken, Supreme Court found that because plaintiff was a worker pursuant to Public Service Law § 228, he was not a covered employee under Labor Law § 240(1). As to Blended Family, Supreme Court found that plaintiff's work was not construction-related activity and did not effect a significant physical change to the premises; thus, according to Supreme Court, Labor Law § 240(1) did not apply. Turning to the issue of indemnification, Supreme Court found that the broad provision was triggered because the accident occurred in the course of work being performed on behalf of Blended Family. However, it reasoned that because there were questions of fact concerning Abeken's negligence in providing plaintiff with the ladder, the indemnification would be conditional. We agree with Supreme Court, in part.

Supreme Court erred when it dismissed plaintiff's Labor Law § 240(1) claim as against Abeken on the ground that it cannot be the subject of a Labor Law § 240(1) claim in light of the application of Public Service Law § 228 (see Abbatiello v Lancaster Studio Assoc., 3 NY3d 46, 52-53 [2004]). To further the availability of cable television, Public Service Law § 228 (1) provides, "No landlord shall . . . interfere with the installation of cable television facilities upon his property or premises." However, a telecommunications company such as Verizon is not governed by the Public Service Law (see Public Service Law § § 213 [1], 228). Therefore, as plaintiff was not installing cable television facilities, but rather, was a telecommunications worker, Public Service Law § 228 does not apply to shield Abeken from liability under Labor Law § 240(1).

[*5]

We find, however, that the Labor Law § 240(1) claims were properly dismissed as to both Abeken and Blended Family, as plaintiff's work was not construction-related activity. Labor Law § 240(1) applies to workers engaged in the "erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure." "For work to qualify as 'altering' within the meaning of Labor Law § 240(1), it must not be 'simple, routine', cosmetic, or decorative, and it must effect 'a significant physical change to the configuration or composition of the building or structure', including significantly changing the way an important component of the building functions," although the change need not be permanent (Mananghaya v Bronx-Lebanon Hosp. Ctr., 165 AD3d 117, 124 [1st Dept 2018] [internal citations omitted], lv dismissed 33 NY969 [2019]). Plaintiff's self-described action of drilling two holes in order to run the cable wire did not constitute an alteration pursuant to Labor Law §240(1) (see Castaneda v Amsterco 67, LLC, 220 AD3d 406, 406 [1st Dept 2023] [drilling anchors into building faÇade to attach pest control netting and setting up spikes on the building's ledges and windowsills did not constitute an "alteration"]; Rhodes-Evans v 111 Chelsea LLC, 44 AD3d 430, 432 [1st Dept 2007] [splicing fiber optic cable into a pre-existing cable box on the wall of the parking garage was not an alteration under Labor Law 240[1]).

Supreme Court correctly denied summary judgment in plaintiff's favor on his common-law negligence claims as to Abeken because questions of fact are presented regarding the furnishing of the ladder that allegedly caused plaintiff's accident.

Supreme Court correctly granted conditional summary judgment to Abeken on its contractual indemnity claim. The lease's indemnity provision was triggered because the claim arose by reason of work performed at the behest of Blended Family in and about the demised premises, and as a result of Blended Family's occupation and alteration of the demised premises. While questions of fact exist concerning Abeken's liability, the indemnification provision is not void under General Obligations Law § 5-322.1 because it contains a savings clause permitting partial liability (see Hernandez v Argo Corp., 95 AD3d 782, 783 [1st Dept 2012]).

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 21, 2026