■ Thomas Murphy, Respondent, v Islat Associates Graft Hat Manufacturing Co. et al., Defendants. Kraft Hat Manufacturing Inc., Sued Herein as Islat Associates Graft Hat Manufacturing Co., Third-Party Plaintiff-Respondent-Appellant, v James A. Jennings Co., Inc., et al., Third-Party Defendants-Appellants-Respondents. [695 NYS2d 80] —Judgment, Supreme Court, Bronx County (Gerald Esposito, J.), entered on or about December 21, 1998, after a jury verdict in plaintiff's favor in the sum of $2,000,000, unanimously reversed, on the law and the facts, without costs or disbursements, the judgment vacated, the motion of defendant James A. Jennings Co., Inc., for a directed verdict on its common-law indemnification claim against third-party defendant Atlantic Detail and Erection Corporation granted and the matter remanded for a new trial on damages, to be conducted in accordance with the decision herein. Appeal from order, same court and Justice, entered March 17, 1998, unanimously dismissed, without costs or disbursements, as superseded by the appeal from the judgment.

In this construction accident case, plaintiff, an iron worker, was injured on August 30, 1985, when, during the course of his employment with third-party defendant, Atlantic Detail and Erection Corporation, he fell from a crane boom on which he had been working. Earlier in these proceedings, plaintiff had successfully moved for partial summary judgment on liability against Kraft Hat Manufacturing Inc., the owner of the premises, pursuant to Labor Law § 240 (1). The trial court directed a verdict on liability against both the general contractor and plaintiff's employer. Having been instructed to apportion fault between Jennings, the general contractor, and Atlantic, the jury ascribed 30% liability to Jennings and 70% to Atlantic for the $2,000,000 damage award.

As a result of the August 30, 1985 accident, plaintiff suffered from an acute instability of the knee which, in November 1985, required surgical intervention. In the summer of 1986, plaintiff, against medical advice, returned to iron work full time. In May

1987, after a February 1987 slip and fall on ice while perform-
ing ironwork at Rikers Island, which the jury did not consider
on causation, plaintiff, again performing ironwork, slipped on
debris and fell off a concrete pier in Tarrytown, New York. He
then commenced a second action in the Supreme Court, Suffolk
County, for the injuries allegedly sustained in the latter ac-
cident. In this action, plaintiff alleged that all of his injuries
and lost earnings are attributable to the injury sustained in
the first accident on August 30, 1985. In response to an inter-
rogatory, the jury found that the May 1987 accident was
"caused by the buckling and/or instability of the plaintiff's left
knee" and thus was a result of the original accident. Such a
finding necessarily affects the award of past and future pain
and suffering as well as past and future lost earnings.

In his testimony regarding the Tarrytown accident in 1987,
plaintiff stated that his "leg gave out" and that he slipped and
fell. Despite this testimony, on cross-examination, he could not
remember how the Tarrytown accident occurred. He then
admitted that he tripped on debris before falling. Plaintiff was
also confronted with his deposition testimony in the Suffolk
County action where, when asked, "Did your knee buckle at
any time when you were on the pier?", he responded, "No". In
the face of these discrepancies, plaintiff admitted that he could
not remember how the accident had happened. Thus, the trial
evidence was insufficient to sustain the finding that the origi-
nal accident caused the subsequent May 1987 Tarrytown ac-
cident and the verdict should be set aside and a new trial
ordered with respect to past and future pain and suffering and
past and future lost earnings, insofar as these categories of
damages were caused by the original accident. All of the jury's
awards in this regard were dependent on a finding that the
first accident caused the second since the court charged that if
there were causation between the two accidents plaintiff was
entitled to recover for any aggravation of the original injury or
any additional injury or both, that was a result of the Tarry-
town accident. While the $50,000 past lost earnings award for
the period from the date of the original accident to April or
May 1986, when plaintiff returned to work, preceded the second
accident and thus, is unaffected by our determination on the
causality issue, the record does not support such an award.

Finally, since Jennings' liability under Labor Law § 240 (1)
is statutory only and not predicated upon a finding of negli-
gence, Jennings is entitled to common-law indemnification from
Atlantic, whose negligence caused the injuries to plaintiff, its
employee. (*See, e.g., Buccini v 1568 Broadway Assocs.*, 250

AD2d 466.) There was no evidence introduced that Jennings exercised supervision or control over the method of plaintiff's work. The evidence showed that Atlantic was solely and completely responsible for plaintiff's work, the equipment he used and his safety. In such circumstances, Jennings' motion for a directed verdict on its common-law indemnification claim against Atlantic should have been granted. (*See, e.g., Guillory v Nautilus Real Estate*, 208 AD2d 336, 339, *appeal dismissed and lv denied* 86 NY2d 881.) Concur—Sullivan, J. P., Nardelli, Tom, Saxe and Friedman, JJ.