■ HARRY ORTIZ, Appellant, v SFDS DEVELOPMENT et al., Respondents, et al., Defendant. SFDS DEVELOPMENT et al., Third-Party Plaintiffs-Appellants, v CATSPAW CONSTRUCTION CORP., Third-Party Defendant-Respondent. [712 NYS2d 94] —Order, Supreme Court, New York County (Diane Lebedeff, J.), entered on or about June 8, 1999, which denied plaintiff's motion for partial summary judgment on the issue of liability pursuant to Labor Law § 240 (1), and denied defendants and third-party plaintiffs' cross motions for, *inter alia*, summary judgment on their common-law indemnification claims against third-party defendant, unanimously reversed, on the law, without costs, plaintiff's motion granted as to the issue of liability and defendants' cross motions granted to the extent they seek indemnification.

Defendants and third-party plaintiffs SFDS Development (SFDS) and San Francisco Houses, Inc. (San Francisco) own, maintain and operate the building designated as 210 East 104th Street, New York, New York (the premises). Plaintiff, a construction worker, was employed by third-party defendant Catspaw Construction Corp. (Catspaw), which was a general contractor engaged by SFDS and San Francisco to perform certain demolition and rehabilitation at the premises.

Plaintiff testified at an examination before trial that he was directed to go to the smaller of two roofs on the premises to remove plastic and wood so that a new roof could be "framed." Plaintiff maintained that he had just finished taking some measurements and was "getting ready to get off the little roof" when it "gave way," causing him to fall approximately 20 feet to a sixth-floor landing, and that he sustained injuries as a result.

Terrence Moan, a principal of Catspaw, testified at an examination before trial that Catspaw monitored the progress of the work, which included performing regular inspections and reviewing security precautions and procedures, and that the concrete floor of the roof had been inspected by a structural engineer and declared structurally sound. It is undisputed that plaintiff was not provided with a safety device or harness.

The purpose of Labor Law § 240 (1) is for protection of workers from injury " 'and undoubtedly is to be construed as liberally as may be for the accomplishment of the purpose for which it was thus framed' " (*Zimmer v Chemung County Performing Arts*, 65 NY2d 513, 521, quoting *Quigley v Thatcher*, 207 NY 66, 68; *see also, Joblon v Solow*, 91 NY2d 457), and it places the " 'ultimate responsibility for safety practices at building construction jobs where such responsibility actually belongs, on the owner and general contractor' (1969 NY Legis Ann, at 407), instead of on workers, who 'are scarcely in a position to protect themselves from accident' " (*Zimmer v Chemung County Performing Arts, supra*, at 520, quoting *Koenig v Patrick Constr. Corp.*, 298 NY 313, 318; *see also, Rocovich v Consolidated Edison Co.*, 78 NY2d 509). Accordingly, the statute imposes absolute liability upon owners, contractors and their agents for any breach of the statutory duty that is a proximate cause of a plaintiff's injuries (*Gordon v Eastern Ry. Supply*, 82 NY2d 555; *Amato v State of New York*, 241 AD2d 400, *lv denied* 91 NY2d 805).

Here, it is clear that plaintiff fell from an elevated worksite and that he was not provided with any of the safety devices delineated in Labor Law § 240 (1). In view of that, defendants' argument that summary judgment must be denied because factual issues exist as to whether plaintiff's injuries were caused by his use of a hammer, rather than a crowbar, to pry material from the roof, is unavailing as it is well settled that comparative negligence is not a defense to a section 240 (1) violation (*see, Beckford v City of New York*, 261 AD2d 158; *Stolt v General Foods Corp.*, 81 NY2d 918).

Finally, the record clearly establishes that Catspaw had direct supervision and control over the worksite, whereas there is no indication that either SFDS or San Francisco exercised any control whatsoever over the work being performed. As a result, summary judgment was warranted on SFDS's and San Francisco's cross motions for common-law indemnification as any liability on their part would be vicarious (*see, Murphy v Islat Assocs. Graft Hat Mfg. Co.*, 264 AD2d 583; *Guillory v Nautilus Real Estate*, 208 AD2d 336, *appeal dismissed in part*

*and lv denied in part* 86 NY2d 881). Concur—Rosenberger, J. P., Nardelli, Mazzarelli, Wallach and Lerner, JJ.