◼ ROBERT J. NOBLE et al., Respondents, v AMCC CORP., Appellant. [714 NYS2d 495] —Order, Supreme Court, New York County (Richard Braun, J.), entered on or about April 21, 2000, which, insofar as appealed from, granted plaintiff's motion for partial summary judgment on the issue of defendant's liability under Labor Law § 240 (1), and denied defendant's cross motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Defendant's liability under Labor Law § 240 (1) was established as a matter of law by its failure to provide plaintiff with a safety device that would have prevented his fall from the top of a boiler on which he was positioned in order to weld overhead pipes attached to the boiler (*see, Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 514; *Laterra v Rockville Centre Union Free School Dist.*, 186 AD2d 789). Since plaintiff was subject to an elevation-related hazard, it is of no moment that he did not fall to the ground but was able to hoist himself back onto the boiler, sustaining injuries to his back in the process (*see, George v Huber Hunt & Nichols*, 242 AD2d 954). Assuming plaintiff's

slide down the boiler was caused by his hitting his head on an overhead pipe, the cramped quarters in which he was working made such an occurrence foreseeable, and thus required the provision of a safety device (*see, Gordon v Eastern Ry. Supply*, 82 NY2d 555, 561-562; *Arce v 1133 Bldg. Corp.*, 257 AD2d 515, 516). Moreover, any comparative negligence by plaintiff would not be a defense to the section 240 (1) violation in failing to provide a safety device (*see, Ortiz v SFDS Dev.*, 274 AD2d 341, 342, citing, *inter alia*, *Stolt v General Foods Corp.*, 81 NY2d 918). Nor was plaintiff required to present evidence as to which particular safety devices would have prevented his injury (*see, Guillory v Nautilus Real Estate*, 208 AD2d 336, 338, *lv dismissed and denied* 86 NY2d 881). Concur—Williams, J. P., Mazzarelli, Ellerin, Wallach and Saxe, JJ.