■ CARMEL GENOVESE, Respondent, et al., Plaintiff, v ANTHONY T. GAMBINO et al., Appellants, et al., Defendants. [766 NYS2d 213] —In an action, inter alia, to recover damages for breach of contract, the defendants Anthony T. Gambino, Island Wide Medical Associates, P.C., Laura Strachovsky as Administratrix of the Estate of Gregory Strachovsky, Philip Ragno, Jeffrey Zola, Mitchell Lefland, and Island Cardiac Specialists appeal (1) from an order of the Supreme Court, Nassau County (DeMaro, J.), dated July 25, 2002, which denied their motion for summary judgment dismissing the third cause of action insofar as asserted against them, and (2), as limited by their brief, from so much of an order of the same court dated November 13, 2002, as denied that branch of their motion which was for leave to reargue, and, upon granting that branch of their motion which was for leave to renew, adhered to its prior determination.

Ordered that the appeal from so much of the order dated July 25, 2002, as denied that branch of the motion which was for summary judgment dismissing so much of the third cause of action as alleges breach of contract for failure to return patient records is dismissed, without costs or disbursements, as that part of the order was superseded by so much of the order dated November 13, 2002, as was made upon renewal; and it is further,

Ordered that the appeal from so much of the order dated November 13, 2002, as denied that branch of the motion which was for reargument is dismissed, without costs or disbursements, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated July 25, 2002, is reversed insofar as reviewed, on the law, without costs or disbursements, and that branch of the motion which was for summary judgment dismissing so much of the third cause of action as alleged wrongful termination of employment is granted; and it is further,

Ordered that the appeal from so much of the order dated

November 13, 2002, as, upon renewal, adhered to so much of the order dated July 25, 2002, as denied that branch of the prior motion which was for summary judgment dismissing so much of the third cause of action as alleged wrongful termination of employment is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the order dated November 13, 2002, is affirmed insofar as reviewed, without costs or disbursements.

In 1993 the plaintiff Carmel Genovese, a cardiologist, entered into an employment agreement with Nassau Cardiovascular, P.C., the predecessor-in-interest to the defendants Island Wide Medical Associates, P.C., and Island Cardiac Specialists. After his employment was terminated, he and his wife commenced this action against those two entities and their principals (hereinafter the appellants) to recover damages, inter alia, for breach of contract. In the third cause of action, as amplified by the bill of particulars, Dr. Genovese alleged that the appellants breached the employment agreement by wrongfully terminating his services and by failing to return records for those patients he treated before joining the appellants' practice.

The appellants moved for summary judgment dismissing the third cause of action insofar as asserted against them. The Supreme Court denied the motion. The appellants then moved for reargument and renewal. The Supreme Court denied reargument and granted renewal, but upon renewal, adhered to its prior determination.

The Supreme Court erred in denying that branch of the appellants' motion which was for summary judgment dismissing so much of the third cause of action as alleged wrongful termination of employment. Dr. Genovese did not oppose that branch of the motion and, as the Supreme Court itself noted, he has abandoned his claim that he was wrongfully terminated.

However, the Supreme Court, upon renewal, properly adhered to its original determination denying that branch of the motion which was for summary judgment dismissing so much of the third cause of action as alleged a failure to return patient files. The appellants did not establish their entitlement to judgment as a matter of law on that part of Dr. Genovese's cause of action (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]). Contrary to the appellants' contentions, they failed to demonstrate, as a matter of law, that return of the records would violate ethical guidelines, that Dr. Genovese failed to make a demand as allegedly required by the contract, or that damages were wholly speculative. Altman, J.P., Krausman, Goldstein and Luciano, JJ., concur.