■ JEFFREY TESORO, Respondent-Appellant, v BFP 300 MADISON II, LLC, et al., Appellants-Respondents. [950 NYS2d 779]—

In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Lewis, J.), dated July 15, 2011, as denied that branch of their motion which was for summary judgment dismissing the causes of action alleging a violation of Labor Law § 241 (6) and, in effect, denied that branch of their motion which was for summary judgment dismissing the causes of action alleging common-law negligence, and the plaintiff cross-appeals from the same order.

Ordered that the cross appeal is dismissed as abandoned; and it is further,

Ordered that the order is reversed insofar as appealed from, on the law, and those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging a violation of Labor Law § 241 (6) and common-law negligence are granted; and it is further,

Ordered that the defendants are awarded one bill of costs.

The cross appeal must be dismissed as abandoned (*see Sirma v Beach*, 59 AD3d 611, 614 [2009]; *Ellner v Schwed*, 48 AD3d 739, 740 [2008]; *Matter of Goldweber & Hershkowitz v Digsby*, 32 AD3d 853, 854 [2006]), as the brief filed by the plaintiff does not seek reversal or modification of any portion of the order.

This action arises out of a construction site accident that occurred on July 19, 2004, at a building located at 300 Madison Avenue in Manhattan. The plaintiff, an experienced carpenter employed by a subcontractor, was pushing an A-frame cart loaded with sheetrock up a ground level loading dock ramp with two coworkers when his left knee allegedly twisted suddenly, and he felt pain. When asked at his deposition if he knew what had caused his knee to twist, he stated, "No, would say just pushing the frame." In addition, when asked "did you notice anything wrong with the ramp?," he responded "no, there was nothing wrong with the ramp." Neither the plaintiff nor the defendants were aware of any complaints concerning the ramp prior to the date of the plaintiff's alleged injury.

On appeal, the defendants correctly contend that the Supreme Court erred in denying that branch of their motion which was for summary judgment dismissing the causes of action alleging a violation of Labor Law § 241 (6). In order to establish a cause of action alleging a violation of Labor Law § 241 (6), a plaintiff must plead and prove a violation of a specific provision of the Industrial Code (*see Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 505 [1993]; *Galarraga v City of New York*, 54 AD3d 308, 309 [2008]). Here, the plaintiff contends that the defendants violated the provisions of Industrial Code (12 NYCRR) § 23-1.7 (f) which, in general terms, requires the use of, inter alia, ramps "as the means of access to working levels above or below ground." However, since the plaintiff's accident occurred on a permanent, concrete ramp which was a part of the building, section 23-1.7 (f) is inapplicable. The plaintiff also contends that the defendants violated Administrative Code of the City of New York § 27-377, which contains a provision regarding the maximum slope for certain ramps. However, as the first sentence of that section makes clear, it is applicable only in instances where interior or exterior ramps are being "used as exits in lieu of interior or exterior stairs," a situation that is not present in this case. Accordingly, the Supreme Court should have granted that branch of the defendants' motion which was for summary judgment dismissing the causes of action alleging a violation of Labor Law § 241 (6).

Under the circumstances of this case, the Supreme Court,

having granted that branch of the defendants' motion which was for summary judgment dismissing the causes of action alleging violations of Labor Law § 200, also should have granted that branch of the defendants' motion which was for summary judgment dismissing the causes of action alleging common-law negligence (*see Arredondo v Valente*, 94 AD3d 920 [2012]). Rivera, J.P., Florio, Eng and Cohen, JJ., concur.