■ Scott Biscup, Respondent, v E.W. Howell, Co., Inc., Defendant/Third-Party Plaintiff-Appellant. SBS Steel, Inc., Third-Party Defendant-Appellant; Super Steel Structures, LLC, Third-Party Defendant-Appellant-Respondent. [16 NYS3d 266]—

Motion by the defendant third-party plaintiff-appellant for leave to reargue an appeal from an order of the Supreme Court, Nassau County (Brandveen, J.), entered April 1, 2013, which was determined by decision and order of this Court dated August 6, 2014.

Upon the papers filed in support of the motion and the papers filed in partial opposition thereto, it is

Ordered that the motion is granted, and upon reargument, the decision and order of this Court dated August 6, 2014 (*Biscup v E.W. Howell, Co., Inc.*, 120 AD3d 459 [2014]) in the above-entitled action is recalled and vacated, and the following decision and order is substituted therefor:

In an action to recover damages for personal injuries, the third-party defendants appeal from so much of an order of the Supreme Court, Nassau County (Brandveen, J.), entered April 1, 2013, as denied those branches of their motion which were for summary judgment dismissing the plaintiff's causes of action alleging violations of Labor Law §§ 240 (1) and 241 (6), and the defendant third-party plaintiff cross-appeals, as limited by its brief, from so much of the same order as denied that branch of its separate motion which was for summary judgment dismissing the complaint, in effect, denied that branch of its motion which was for summary judgment on the issue of liability on its third-party cause of action for contractual indemnification against the third-party defendant Super Steel Structures, LLC, and, in effect, granted that branch of the motion of the third-party defendant Super Steel Structures, LLC, which was for summary judgment dismissing the third-party cause of action for contractual indemnification insofar as asserted against it. Justice LaSalle has been substituted for former Justice Lott (*see* 22 NYCRR 670.1 [c]).

Ordered that the order is modified, on the law, (1) by deleting the provisions thereof denying those branches of the motions of the defendant third-party plaintiff and the third-party defendants which were for summary judgment dismissing the plaintiff's causes of action alleging violations of Labor Law §§ 240 (1) and 241 (6), and substituting therefor provisions granting those branches of the motions, and (2) by deleting the provision thereof, in effect, granting that branch of the motion of the third-party defendants which was for summary judgment dismissing the third-party cause of action for contractual indemnification insofar as asserted against Super Steel Structures, LLC, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The defendant third-party plaintiff, E.W. Howell, Co., Inc. (hereinafter Howell), and the third-party defendants established their prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging a violation of Labor Law § 241 (6) by showing that the Industrial Code provision relied upon by the plaintiff as a predicate for liability under

that statute was inapplicable to the facts of this case. On appeal, the plaintiff concedes that the Industrial Code provision upon which he relied was inapplicable, and that he failed to raise a triable issue of fact in opposition to the motions. Accordingly, the Supreme Court should have granted those branches of the motions of Howell and the third-party defendants which were for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241 (6). Moreover, those branches of the motions of Howell and the third-party defendants which were for summary judgment dismissing the plaintiff's cause of action alleging a violation of Labor Law § 240 (1) should have been granted. The plaintiff's accident occurred when he jumped from the back of a flatbed truck and slipped in mud. "A four-to-five-foot descent from a flatbed trailer or similar surface does not present the sort of elevation-related risk that triggers Labor Law § 240 (1)'s coverage" (*Toefer v Long Is. R.R.*, 4 NY3d 399, 408 [2005]; *see Bond v York Hunter Constr.*, 95 NY2d 883, 884-885 [2000]).

However, contrary to Howell's contention, the Supreme Court properly denied that branch of its motion which was for summary judgment dismissing the plaintiff's common-law negligence and Labor Law § 200 causes of action, which were based on allegations of a dangerous work site, as Howell failed to establish the absence of triable issues of fact as to whether it had control over the work site or constructive or actual notice of a dangerous condition there (*see Reyes v Arco Wentworth Mgt. Corp.*, 83 AD3d 47, 52 [2011]), and whether it was free from negligence in the happening of the plaintiff's accident. Since Howell did not establish that it was free from negligence, that branch of its motion which was, in effect, for summary judgment on its third-party cause of action for contractual indemnification against the third-party defendant Super Steel Structures, LLC, was properly denied as premature (*see Jamindar v Uniondale Union Free School Dist.*, 90 AD3d 612, 616 [2011]). Similarly, the Supreme Court should have denied that branch of the motion of the third-party defendants which was for summary judgment dismissing the third-party cause of action for contractual indemnification against the third-party defendant Super Steel Structures, LLC, as they failed to establish, prima facie, that Howell's alleged negligence contributed to the plaintiff's accident. Dillon, J.P., Austin, LaSalle and Barros, JJ., concur.