■ DARIUSZ NIEWOJT et al., Appellants, v NIKKO CONSTRUCTION CORP., Respondent. [32 NYS3d 303]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Orange County (Sciortino, J.), dated April 2, 2014, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by deleting the provisions thereof granting those branches of the defendant's motion which were for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200, common-law negligence, and loss of consortium, and substituting therefor a provision denying those branches of the motion; as so modified, the order is affirmed, with costs to the plaintiffs.

The plaintiff Dariusz Niewojt (hereinafter Niewojt) was employed by a painting subcontractor on a renovation of Middletown High School. The defendant was the general

contractor. On the evening of September 24, 2008, Niewojt and a coworker were locked into the school's gated sports stadium area. After allegedly walking the perimeter of the fence around the stadium area looking for another exit and calling out for help, Niewojt and his coworker decided to scale the approximately six-foot-high fence to exit the area. The coworker successfully scaled the fence, but Niewojt slipped and fell from it to the ground, allegedly sustaining injuries.

Niewojt, and his wife suing derivatively, commenced this action against the general contractor alleging common-law negligence, violations of Labor Law §§ 200, 240 (1) and 241 (6), and loss of consortium on behalf of Niewojt's wife. The defendant moved for summary judgment dismissing the complaint. The Supreme Court granted the motion, and the plaintiffs appeal.

Labor Law § 200 codifies the common-law duty of an owner or contractor to provide employees with a safe place to work (*see Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877 [1993]; *Costa v Sterling Equip., Inc.*, 123 AD3d 649 [2014]). The plaintiffs allege that the defendant is liable for their injuries, asserting that the locked gate constituted a dangerous condition and that the defendant negligently scheduled and placed workers onsite such that they could be locked into the stadium area at night. Where a claim is based on an alleged dangerous condition on the premises, an owner or contractor is liable where it created the dangerous condition or had actual or constructive notice of its existence (*see Costa v Sterling Equip., Inc.*, 123 AD3d 649 [2014]; *Palacios v 29th St. Apts, LLC*, 110 AD3d 698 [2013]). A defendant has constructive notice of a defect when it is visible and apparent, and has existed for a sufficient length of time before the accident such that it could have been discovered and corrected (*see Gordon v American Museum of Natural History*, 67 NY2d 836 [1986]; *Schubert-Fanning v Stop & Shop Supermarket Co., LLC*, 118 AD3d 862 [2014]). "Where a plaintiff's claims implicate the means and methods of the work, an owner or a contractor will not be held liable under Labor Law § 200 unless it had the authority to supervise or control the performance of the work" (*LaRosa v Internap Network Servs. Corp.*, 83 AD3d 905, 909 [2011]). Here, the Supreme Court properly determined that the defendant failed to meet its prima facie burden of demonstrating either its lack of constructive notice of the dangerous condition or its lack of supervision and control of the scheduling and placement of workers on-site (*see Hernandez v Pappco Holding Co., Ltd.*, 136 AD3d 981 [2016]; *Slikas v Cyclone Realty, LLC*, 78 AD3d 144, 149 [2010]).

However, the Supreme Court erred in determining that Niewojt's act in climbing the fence to exit the stadium area was the sole proximate cause of the injuries as a matter of law. "Defendants are liable for all normal and foreseeable consequences of their acts," and the plaintiffs "need not demonstrate that the precise manner in which the accident happened or the injuries occurred was foreseeable" (*Gordon v Eastern Ry. Supply*, 82 NY2d 555, 562 [1993]; *see Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315 [1980]). "An intervening act constitutes a superseding cause sufficient to relieve a defendant of liability if it is 'extraordinary under the circumstances, not foreseeable in the normal course of events, or independent of or far removed from the defendant's conduct'" (*Fahey v A.O. Smith Corp.*, 77 AD3d 612, 616 [2010], quoting *Derdiarian v Felix Contr. Corp.*, 51 NY2d at 315; *see Barth v City of New York*, 307 AD2d 943 [2003]). However, when the intervening act is a natural and foreseeable consequence of a circumstance created by the defendant, the causal nexus is not severed and liability will subsist (*see Kush v City of Buffalo*, 59 NY2d 26, 33 [1983]; *Derdiarian v Felix Contr. Corp.*, 51 NY2d at 315). Whether an act is foreseeable is generally for the trier of fact (*see Lynch v Bay Ridge Obstetrical & Gynecological Assoc.*, 72 NY2d 632, 636 [1988]). Summary judgment is appropriate "where only one conclusion may be drawn from the established facts" (*Derdiarian v Felix Contr. Corp.*, 51 NY2d at 315). Here, viewing the evidence in the light most favorable to the plaintiffs (*see Derise v Jaak 773, Inc.*, 127 AD3d 1011 [2015]), we find that there is a triable issue of fact as to whether Niewojt's act in scaling the fence was a natural and foreseeable response to a condition allegedly created by the defendant's negligence (*see Derdiarian v Felix Contr. Corp.*, 51 NY2d at 315-316; *Feeley v Citizens Telecom. Co. of N.Y.*, 298 AD2d 745, 747-748 [2002]; *Jamison v GSL Enters.*, 274 AD2d 356, 361 [2000]; *Humbach v Goldstein*, 255 AD2d 420 [1998]). Accordingly, the Supreme Court erred in granting those branches of the defendant's motion which were for summary judgment dismissing the common-law negligence and Labor Law § 200 causes of action. Since those causes of action must be reinstated, the loss of consortium cause of action must be reinstated as well (*see Dickstein v Dogali*, 303 AD2d 443 [2003]).

The Supreme Court properly granted that branch of the motion which was for summary judgment dismissing the Labor Law § 240 (1) cause of action. The statute "was designed to provide 'exceptional protection' for workers against the 'special hazards' which stem from a work site that is either elevated or positioned below the level where materials are hoisted or

secured" (*La Veglia v St. Francis Hosp.*, 78 AD3d 1123, 1126 [2010], quoting *Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501-502 [1993]). Its purpose is "to protect construction workers not from routine workplace risks, but from the pronounced risks arising from construction work site elevation differentials" (*Runner v New York Stock Exch., Inc.*, 13 NY3d 599, 603 [2009]). Liability under the statute thus depends on whether the injured worker's "task creates an elevation-related risk of the kind that the safety devices listed in section 240 (1) protect against" (*Broggy v Rockefeller Group, Inc.*, 8 NY3d 675, 681 [2007]). While a plaintiff is not required to present evidence as to which particular safety devices would have prevented the injury (*see Noble v AMCC Corp.*, 277 AD2d 20 [2000]), the risk requiring a safety device must be a foreseeable risk inherent in the work (*see Gordon v Eastern Ry. Supply*, 82 NY2d at 562; *McLean v 405 Webster Ave. Assoc.*, 98 AD3d 1090, 1096 [2012]; *Balladares v Southgate Owners Corp.*, 40 AD3d 667, 669 [2007]). Here, in the absence of any evidence that the defendant was negligent in locking the workers inside the area, their need to scale the fence was not a foreseeable risk inherent in the plaintiff's work. Accordingly, the Supreme Court properly determined that the exceptional protections of Labor Law § 240 (1) do not apply to the subject accident.

The Supreme Court properly granted that branch of the motion which was for summary judgment dismissing the Labor Law § 241 (6) cause of action. The cited provision of the Industrial Code, 12 NYCRR 23-1.7 (d), relating to slipping hazards, is inapplicable to the facts of this case (*see Biscup v E.W. Howell, Co., Inc.*, 131 AD3d 996, 997-998 [2015]; *Abelleira v City of New York*, 120 AD3d 1163 [2014]; *cf. Cooper v State of New York*, 72 AD3d 633 [2010]). Dillon, J.P., Chambers, Barros and Brathwaite Nelson, JJ., concur.