In an action to recover damages for personal injuries, the defendants Roosevelt Union Free School District, Roosevelt High School, and Elite Construction Company of New York, LLC, appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Iannacci, J.), entered September 4, 2015, as denied those branches of their motion which were for summary judgment dismissing the complaint and the cross claim of the defendant Fortunato Sons Contracting, Inc., insofar as asserted against them, and the plaintiff cross-appeals, as limited by his brief, from so much of the same order as denied those branches of his motion which were for summary judgment on the issue of liability on the Labor Law §§ 200 and 240 (1) causes of action insofar as asserted against the defendants Roosevelt Union Free School District, Roosevelt High School, and Elite Construction Company of New York, LLC.
 

 Ordered that the order is reversed insofar as appealed from, on the law, and those branches of the motion of the defendants Roosevelt Union Free School District, Roosevelt High School, and Elite Construction Company of New York, LLC, which were for summary judgment dismissing the complaint and the cross claim of the defendant Fortunato Sons Contracting, Inc., insofar as asserted against them are granted; and it is further,
 

 Ordered that the order is affirmed insofar as cross-appealed from; and it is further,
 

 Ordered that one bill of costs is awarded to the defendants Roosevelt Union Free School District, Roosevelt High School, and Elite Construction Company of New York, LLC.
 

 The plaintiff allegedly was injured while performing plumbing work in connection with the renovation of Roosevelt High School. The plaintiff used an extension ladder to access the roof of the building in order to perform work in a mechanical room located on the roof. After entering the mechanical room, the plaintiff and his coworker realized that they needed to use a ladder to reach piping inside the mechanical room. The plaintiff and his coworker then left the mechanical room in order to retrieve an extension ladder that was located on a level of the roof that was about three feet higher than the level of the mechanical room. The plaintiff and his coworker climbed to this higher level of the roof without using any equipment. When the plaintiff attempted to descend to the lower level of the roof, his right foot slipped on the lip of the upper level, and he fell onto the lower level. The plaintiff subsequently commenced this action to recover damages for personal injuries against, among others, Elite Construction Company of New York, LLC (hereinafter Elite), the construction manager on the renovation project, Roosevelt Union Free School District, and Roosevelt High School (hereinafter collectively the defendants). The complaint asserted causes of action sounding in common-law negligence and violations of Labor Law §§ 200, 240 (1), and 241 (6).
 

 The Supreme Court should have granted that branch of the defendants’ motion which was for summary judgment dismissing the complaint insofar as asserted against them. The defendants established, prima facie, that Labor Law § 240 (1) does not apply because the three-foot-height differential between the two levels of the roof did not present the sort of elevation-related risk protected by that statute (see Toefer v Long Is. R.R., 4 NY3d 399, 408 [2005]; Biscup v E.W. Howell, Co., Inc., 131 AD3d 996, 998 [2015]; Parker v 205-209 E. 57th St. Assoc., LLC, 100 AD3d 607, 609 [2012]). With respect to Labor Law § 241 (6), the plaintiff alleged that the defendants violated 12 NYCRR 23-1.7 (f). That provision directs that stairways, ramps, runways, ladders, or other safe means of access shall be provided “as the means of access to working levels above or below ground” (12 NYCRR 23-1.7 [fj). The defendants made a prima facie showing that 12 NYCRR 23-1.7 (f) is inapplicable to the facts of this case (see Tesoro v BFP 300 Madison II, LLC, 98 AD3d 1031, 1032 [2012]), as the plaintiff was not performing work on the upper level of the roof, but rather, was walking across it to return to the mechanical room. The plaintiff has abandoned his reliance on provisions of the Industrial Code other than 12 NYCRR 23-1.7 (f) by failing to address those provisions in his opposition to the defendants’ motion, and in his brief on appeal (see Palomeque v Capital Improvement Servs., LLC, 145 AD3d 912, 914 [2016]; Harsch v City of New York, 78 AD3d 781, 783 [2010]). With respect to Labor Law § 200 and common-law negligence, the defendants established, prima facie, that they did not create or have actual or constructive notice of a dangerous condition, and that they did not have the authority to supervise or control the plaintiff’s work (see Melendez v 778 Park Ave. Bldg. Corp., 153 AD3d 700, 702 [2017]; Esquivel v 2707 Creston Realty, LLC, 149 AD3d 1040, 1041-1042 [2017]; Vazquez v Humboldt Seigle Lofts, LLC, 145 AD3d 709, 710 [2016]). In opposition, the plaintiff failed to raise a triable issue of fact.
 

 The Supreme Court also should have granted that branch of the defendants’ motion which was for summary judgment dismissing the cross claim of the defendant Fortunato Sons Contracting, Inc. (hereinafter Fortunato), alleging common-law indemnification, insofar as asserted against them. The defendants established, prima facie, that they were not negligent in connection with the accident, and that they did not have the authority to direct, supervise, or control the work giving rise to the injury (see McCarthy v Turner Constr., Inc., 17 NY3d 369, 377-378 [2011]; Morris v Home Depot USA, 152 AD3d 669, 673 [2017]; Marquez v L & M Dev. Partners, Inc., 141 AD3d 694, 700 [2016]). Since Fortunato did not submit any opposition to the motion, it failed to raise a triable issue of fact.
 

 The parties’ remaining contentions are without merit or need not be reached in light of our determination.
 

 Hall, J.P., Cohen, Barros and Christopher, JJ., concur.