Citimortgage, Inc. v Martinez (2022 NY Slip Op 01989)





Citimortgage, Inc. v Martinez


2022 NY Slip Op 01989


Decided on March 23, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.


2018-11664
 (Index No. 135371/13)

[*1]Citimortgage, Inc., respondent, 
v
Martita Martinez, appellant, et al., defendants.


J.A. Sanchez-Dorta, New York, NY, for appellant.
Knuckles, Komosinski & Manfro, LLP (Akerman LLP, New York, NY [Jordan M. Smith and Natsayi Mawere], of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Martita Martinez appeals from a an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Richmond County (Desmond A. Green, J.), dated July 30, 2018. The order and judgment of foreclosure and sale, upon an order of the same court (Judith N. McMahon, J.) dated April 21, 2017, inter alia, granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Martita Martinez, to strike that defendant's answer, and for an order of reference, and appointing a referee to compute the amount due to the plaintiff, granted the plaintiff's motion for a judgment of foreclosure and sale, in effect, denied that defendant's cross motion to dismiss the complaint insofar as asserted against her, and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is affirmed, with costs.
The plaintiff commenced this action to foreclose a mortgage given by the defendant Martita Martinez (hereinafter the defendant). After issue was joined, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike her answer, and for an order of reference. The defendant failed to oppose the motion. In an order dated April 21, 2017, the Supreme Court, among other things, granted those branches of the plaintiff's motion, and appointed a referee to compute the amount due to the plaintiff.
Thereafter, the plaintiff moved for a judgment of foreclosure and sale. The defendant opposed the motion and cross-moved to dismiss the complaint insofar as asserted against her, contending that the plaintiff failed to comply with federal Housing and Urban Development regulations promulgated under 24 CFR 203.604 requiring, inter alia, a "face-to-face" meeting between the mortgagee and the mortgagor prior to commencing a foreclosure action. In an order and judgment of foreclosure and sale dated July 30, 2018, the Supreme Court granted the plaintiff's motion, in effect, denied the defendant's cross motion, and directed the sale of the subject property. The defendant appeals.
The defendant's failure to oppose the plaintiff's motion, among other things, for [*2]summary judgment on the complaint insofar as asserted against her constituted a waiver of her argument that the plaintiff failed to comply with a condition precedent to commencing a mortgage foreclosure action (see Ng v NYU Langone Med. Ctr., 157 AD3d 549, 550; Kronick v L.P. Thebault Co., Inc., 70 AD3d 648, 649; Genovese v Gambino, 309 AD2d 832, 833). Accordingly, the Supreme Court properly granted the plaintiff's motion for a judgment of foreclosure and sale and, in effect, denied the defendant's cross motion to dismiss the complaint insofar as asserted against her.
BARROS, J.P., CHAMBERS, ZAYAS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court