| **Qun Li v 817 Inc** |
|:---:|
| 2024 NY Slip Op 33673(U) |
| October 7, 2024 |
| Supreme Court, Kings County |
| Docket Number: Index No. 526814/2022 |
| Judge: Francois A. Rivera |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

At an IAS Term, Part 52 of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, at Civic Center, Brooklyn, New York, on the 7th day of October 2024

HONORABLE FRANCOIS A. RIVERA

-----------------------------------------------------------------------X

QUN LI,

**DECISION & ORDER**

                         Plaintiff,

Index No.: 526814/2022

           - against -

Oral Argument: 10/3/2024

817 INC, PLAYER INTERNET CAFÉ INC and Z & C HONGDA CONSTRUCTION INC,

Cal. No.: 29

Ms. No.: 2

                   Defendants.

-----------------------------------------------------------------------X

       Recitation in accordance with CPLR 2219 (a) of the papers considered on the notice of motion filed on July 18, 2024, under motion sequence number two, by defendant Z & C Hongda Construction Inc (hereinafter the movant) for an order pursuant to CPLR 3212 granting summary judgment in its favor on the issue of liability for alleged violations of Labor Law §§ 240 (1) and 241 (6), Industrial Code § 23-1.33, and common law negligence as asserted against it and dismissing the complaint of Qun Lin (hereinafter the plaintiff) and; (2) dismissing all cross-claims asserted against it. The motion is opposed by the plaintiff.

-Notice of motion
-Affirmation in support
-Memorandum of law in support (corrected)
       Exhibits A-H[1]
-Affidavit in support
       Exhibits A-D
-Statement of material facts
-Affirmation in opposition
       Exhibits A-H

---

[1] In support of the instant motion, the movant filed the plaintiff's bill of particulars on July 18, 2024, under NYSCEF number 40, as exhibit E.

Page **1** of **5**

[* 1]

-Affirmation in reply
-Affidavit in reply
        Exhibit A
-Memorandum of law in reply

## BACKGROUND

On September 14, 2022, plaintiff commenced the instant action for damages for personal injuries by filing a summons and verified complaint with the Kings County Clerk's office (KCCO). On January 3, 2023, the movant interposed and filed a verified answer. On June 27, 2024, plaintiff filed a note of issue.

The verified complaint alleges sixty-nine allegations of fact in support of a single cause of action against all the defendants for common law negligence. The verified complaint alleges the following salient facts, among other. The movant is the owner of a premises located at 817 57th Street, Brooklyn, New York (hereinafter premises). On August 6, 2021, at approximately 4:00p.m., while the plaintiff was legally and lawfully outside the premises of the movant, suddenly and without any notice or warning, a metal pipe was caused to fall forcefully upon plaintiff causing him to sustain severe personal injuries. The occurrence was due solely by reason of the carelessness, recklessness, and negligence of the defendants and defendants' agents, servants and/or employees in their operation, management, maintenance, and control of the aforesaid premises; in permitting and allowing same to be, become and remain in a dangerous and hazardous condition; in permitting and allowing a metal pipe to fall on plaintiff; in failing to prevent said pipe from falling.

[* 2]

On October 19, 2023, the court granted the plaintiff's motion filed on July 13, 2023, seeking leave to enter a default judgment against defendants 817 Inc and Player Internet Café Inc for failing to appear or answer the verified complaint with an inquest to occur at the time of trial.

On October 3, 2024, the date scheduled for oral argument of the motion, the movant appeared, and the plaintiff did not.

**LAW AND APPLICATION**

*Dismissal of the Labor Law Claims*

By the instant motion Z & C Hondga Construction Inc. seeks an order pursuant to CPLR 3212 granting summary judgment in its favor on the issue of liability for alleged violations of Labor Law §§ 240 (1) and 241 (6), Industrial Code § 23-1.33, and common law negligence and dismissing the verified complaint. Z & C Hondga Construction Inc. also seeks an order pursuant to CPLR 3212 granting summary judgment in its favor and dismissing all cross-claims asserted against it.

The verified complaint, as amplified by the plaintiff's bill of particulars, asserts only one cause of action for common law negligence. Therefore, the branch of the motion seeking dismissal of the claims alleging violations of Labor Law § 240 (1) and 241 (6), Industrial Code § 23-1.33 is denied as inapplicable to the instant action.

*Dismissal of the Cross-claims*

No codefendant has appeared or answered the verified complaint. There are no cross-claims asserted against the movant. Therefore, the branch of the motion seeking

[* 3]

dismissal of all cross-claims asserted against the movant is also denied as inapplicable to the instant action.

*Dismissal of the common law negligence claim*

The movant seeks dismissal of the common law negligence claim asserted against it. The plaintiff submitted opposition to the motion. However, on October 3, 2024, the date scheduled for oral argument of the motion, the movant appeared, and the plaintiff did not. The common law negligence claim asserted against the movant is dismissed as abandoned based on the plaintiff's failure to appear to orally argue its opposition to the motion (*see Elam v Ryder Sys., Inc*., 176 AD3d 675, 676 [2d Dept 2019], citing *Pita v Roosevelt Union Free Sch. Dist.,* 156 AD3d 833, 835 [2d Dept 2017]; *see also Kronick v L.P. Thebault Co*., 70 AD3d 648, 649 [2d Dept 2010], citing *Genovese v Gambino*, 309 AD2d 832, 833 [2d Dept 2003]).

**CONCLUSION**

The branch of the motion by defendant Z & C Hongda Construction Inc for an order pursuant to CPLR 3212 granting summary judgment in its favor on the issue of liability for alleged violations of Labor Law §§ 240 (1) and 241 (6), Industrial Code § 23-1.33 asserted against it by the plaintiff Qun Li is denied as inapplicable to the instant action.

The branch of the motion by defendant Z & C Hongda Construction Inc for an order pursuant to CPLR 3212 granting summary judgment in its favor and dismissing all cross-claims asserted against it is denied as inapplicable to the instant action.

[* 4]

The branch of the motion by defendant Z & C Hongda Construction Inc for an order pursuant to CPLR 3212 granting summary judgment in its favor and dismissing the common law negligence claim asserted it by the plaintiff Qun Li is granted.

The foregoing constitutes the decision and order of this Court.

ENTER: _____

François A. Rivera

J.S.C.