**Lopez-Solano v Lim**

2024 NY Slip Op 33654(U)

October 9, 2024

Supreme Court, Kings County

Docket Number: Index No. 518684/2023

Judge: Francois A. Rivera

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At an IAS Term, Part 52 of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, at Civic Center, Brooklyn, New York, on the 9th day of October 2024

HONORABLE FRANCOIS A. RIVERA

-----------------------------------------------------------------------X

GREGORIO LOPEZ-SOLANO,

**DECISION & ORDER**

Plaintiff,

Index No.: 518684/2023

- against -

Oral Argument: 9/5/2024

ELISHA LIM, YOUNG LIM and RICK GUSTAVE,

Cal. No.: 38

Defendants.

Ms. No.: 1

-----------------------------------------------------------------------X

Recitation in accordance with CPLR 2219 (a) of the papers considered on the notice of motion filed on February 16, 2023, under motion sequence number one, by Rick Gustave (hereinafter Gustave) for an order pursuant to CPLR 3212 granting summary judgment in Gustave's favor on the issue of liability and dismissing the verified complaint of Gregorio Lopez-Solano (hereinafter the plaintiff) and all cross-claims asserted against him by Elisha Lim and Young Lim (hereinafter the codefendants). The motion was opposed by the codefendants.

-Notice of motion
-Affirmation in support
        Exhibits A-F
-Affirmation in opposition
        Exhibits A
-Counter Statement of material facts
-Affirmation in reply

**BACKGROUND**

On June 27, 2023, the plaintiff commenced the instant action for damages for personal injuries by filing a summons and verified complaint with the Kings County Clerk's office (KCCO). On July 21, 2023, codefendants Elisha Lim and Young Lim

[* 1]

interposed and filed a joint verified answer and a cross-claim with the KCCO. On September 5, 2023, Gustave interposed and filed a verified answer with cross-claim.

The verified complaint alleged the following salient facts. On September 30, 2020, plaintiff was operating a motor vehicle, bearing license plate number JJK7673 eastbound on the Brooklyn Queens Expressway, County of Kings, State of New York. On the same, date, place and time, Gustave was operating a motor vehicle, bearing license plate number JMZ1482. On the same, date, place and time, Elisha Lim Gustave was operating a motor vehicle owned by Young Lim, bearing license plate number P59LCT. The three motor vehicles made contact with each other (hereinafter the subject accident) due to the negligence of the defendants. The plaintiff sustained serious physical injury caused by the subject accident.

## LAW AND APPLICATION

### *Dismissal of the Verified Complaint*

It is well established that summary judgment may be granted only when it is clear that no triable issue of fact exists (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 325 [1986]). The burden is upon the moving party to make a prima facie showing that he or she is entitled to summary judgment as a matter of law by presenting evidence in admissible form demonstrating the absence of any material issue of fact (*Giuffrida v Citibank*, 100 NY2d 72, 81 [2003]). A failure to make that showing requires the denial of that summary judgment motion, regardless of the adequacy of the opposing papers (*Ayotte v Gervasio,* 81 NY2d 1062, 1063 [1993]). If a prima facie showing has been made the burden shifts to the opposing party to produce evidentiary proof sufficient to establish the existence of material issues of fact (*Alvarez,* 68 NY2d at 324).

The plaintiff did not oppose this branch of Gustave's motion seeking summary judgment in his favor on the issue of liability and dismissal of the verified complaint. Consequently, "[t]he plaintiff has abandoned these causes of action by failing to address them in opposition" to the motion (*see Elam v Ryder Sys., Inc.,* 176 AD3d 675, 676 [2d

Dept 2019], citing *Pita v Roosevelt Union Free Sch. Dist.,* 156 AD3d 833, 835 [2d Dept 2017]; *see also Kronick v L.P. Thebault Co*., 70 AD3d 648, 649 [2d Dept 2010], citing *Genovese v Gambino*, 309 AD2d 832, 833 [2d Dept 2003]). A dismissal on this basis is without prejudice. However, for the reasons set forth below, Gustave's motion is granted on the merits with prejudice.

### *Dismissal of the Codefendants' Cross-Claim*

Gustave also seeks dismissal of the codefendants' cross claim for common law indemnity. Gustave submitted, among other things, a copy of a certified police report, his affidavit, and a statement of material facts in accordance with 22 NYCRR 202.8-g. His affidavit demonstrated the following facts. On September 30, 2020, Gustave was driving his 2016 Audi Sedan bearing license plate number JMZ1482 in the eastbound left lane of the Brooklyn Queens Expressway. While traveling on the Brooklyn Queens Expressway, traffic in front of him came to a stop causing him to gradually slow his vehicle to a complete stop. Approximately 20 to 30 seconds after being in a complete stop, he was rear-ended by the plaintiff operating his 2017 Honda Sedan. There was no action he could have taken to avoid the collision as the impact to the rear of his stopped vehicle by the plaintiff's vehicle was unexpected.

"A defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident" (*Green v Masterson*, 172 AD3d 826, 827 [2d Dept 2019], quoting *Boulos v Lerner-Harrington*, 124 AD3d 709, 709 [2d Dept 2015]). Here, Gustave met his prima facie burden of demonstrating entitlement to judgment as a matter of law. In support of his motion, he submitted, inter alia, his affidavit and a certified police report which provided unrebutted evidence that he was not at fault for the happening of the subject accident.

In opposition to this branch of the motion the codefendants submitted an affidavit of Elisha Lim. Elisha Lim averred the following facts. On September 30, 2020,

[* 3]

she was operating a 2011 BMW, bearing NJ license plate P59LCT, registered to Young Lim. She was traveling eastbound Brooklyn Queens Expressway in Brooklyn, New York with the flow of traffic, at approximately 35-45 mph. She had been traveling at a safe distance, of approximately 2-3 car lengths, behind a 2017 Honda, bearing license plate JJK7673. She later learned that the vehicle which had been traveling ahead of the 2017 Honda was a 2016 Audi, bearing license plate JMZl482. Suddenly, and without warning, the operator of the 2017 Honda slammed on the brakes and stopped short. Elisha Lim immediately applied her brakes and attempted to avoid contact with the 2017 Honda, but could not do so. The front bumper of her vehicle contacted the rear bumper of the 2017 Honda. When she exited her vehicle, she observed that the front of the 2017 Honda had struck the rear of a 2016 Audi. The affidavit of Elisha Lim did not contradict the sworn testimony of Gustave or raise a triable issue of fact regarding Gustave's freedom from liability.

**CONCLUSION**

The branch of the motion by defendant Rick Gustave for an order pursuant to CPLR 3212 granting summary judgment in his favor on the issue of liability and dismissing the verified complaint of Gregorio Lopez-Solano is granted.

The branch of the motion by defendant Rick Gustave for an order pursuant to CPLR 3212 granting summary judgment in his favor on the issue of liability and dismissing the cross-claim asserted against him by Elisha Lim and Young Lim is granted. The foregoing constitutes the decision and order of this Court.

ENTER: _____

François A. Rivera

J.S.C.

Page **4** of **4**

[* 4]