■ Patrick Wunderlich et al., Plaintiffs, v Turner Construction Company et al., Appellants, et al., Defendants. LVI Environmental Services, Inc., Third-Party Plaintiff-Respondent, v Irwin Seating Company, Third-Party Defendant-Appellant. [47 NYS3d 312]—

Order, Supreme Court, New York County (Joan M. Kenney, J.), entered April 12, 2016, which, insofar as appealed from as limited by the briefs, denied defendants Turner Construction Company and MSG Holdings, L.P. (defendants) and third-party defendant Irwin Seating Company's motion for summary judgment dismissing the third-party complaint, unanimously modified, on the law, to grant the motion as to the claim for contractual indemnification, and otherwise affirmed, without costs, and the appeal therefrom, to the extent it denied said defendants and third-party defendant's motion to dismiss the Labor Law § 241 (6) claim based on 12 NYCRR 23-1.7 (e) (2) and the Labor Law § 200 claim, unanimously dismissed, without costs as abandoned.

Contrary to the motion court's conclusion, the movants presented arguments in favor of summary judgment dismissing the third-party complaint, beginning with the absence of a contract between third-party plaintiff (LVI) and third-party defendant (Irwin). Moreover, LVI does not dispute that there was no contractual relationship between itself and Irwin that would have entitled it to contractual indemnification.

However, issues of fact preclude summary judgment dismissing LVI's claims for common-law indemnification and contribution (*see Naughton v City of New York*, 94 AD3d 1, 10 [1st Dept 2012] [common-law indemnification]; *Jehle v Adams Hotel Assoc.*, 264 AD2d 354, 355 [1st Dept 1999] [contribution]). It cannot be determined as a matter of law on this record whether the bolt on which plaintiff Patrick Wunderlich was injured was left over from the removal of seats by LVI or was newly

installed as part of the work plaintiff was performing installing the platform. Plaintiff's coworker testified that, in viewing photographs of the accident site, he could not tell whether the protruding bolts were old or newly installed as part of the platform installation.

Further, to the extent the bolt constituted a dangerous site condition as a result of the removal of seats, issues of fact exist as to whether it was LVI or Irwin that removed the specific seats at issue. LVI's project manager testified that LVI did not remove the last three rows of seats around the lower bowl where the platform was to be installed. Irwin's project manager testified that, while there was no provision in Irwin's contract for it to remove chairs in the areas where the platforms would be installed, its contract was amended to remove approximately 400 seats, and he did not know where the seats that Irwin was responsible for removing were located. To the extent plaintiff's injury may have resulted from the means and methods of the work, given that plaintiff gained access to the area via the risers with the newly installed bolts instead of aisle stairways, an issue of fact exists as to the extent to which Irwin controlled plaintiff's work. Concur—Acosta, J.P., Renwick, Moskowitz, Feinman and Gesmer, JJ.