Mazzarisi v New York Socy. for the Relief of the Ruptured & Crippled (2022 NY Slip Op 02953)

Mazzarisi v New York Socy. for the Relief of the Ruptured & Crippled

2022 NY Slip Op 02953

Decided on May 03, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 03, 2022

Before: Renwick, J.P., Kapnick, Friedman, Rodriguez, Pitt, JJ. 

Index No. 155022/16, 595493/17 Appeal No. 15855 Case No. 2021-01343 

[*1]Louis Mazzarisi et al., Plaintiffs-Appellants-Respondents,
v
New York Society for the Relief of the Ruptured and Crippled, Maintaining the Hospital for Special Surgery, Defendant-Respondent-Appellant. [And a Third-Party Action.] 

The Grandelli Firm, New York (Moses Ahn of counsel), for appellants-respondents.
Kaufman Borgeest & Ryan LLP, Valhalla (Jacqueline Mandell of counsel), for respondent-appellant.

Order, Supreme Court, New York County (Carol R. Edmead, J.), entered on or about November 18, 2020, which, to the extent appealed from as limited by the briefs, granted the motion of defendant New York Society for the Relief of the Ruptured and Crippled, Maintaining the Hospital for Special Surgery (HSS) for summary judgment dismissing plaintiffs' claims under Labor Law § 240(1), denied HSS's motion seeking dismissal of plaintiffs' Labor Law § 200 and common-law negligence claims, and denied plaintiffs' cross motion for summary judgment as to liability on their claims under Labor Law §§ 240(1) and 200, unanimously modified, on the law, to deny so much of HHS's motion as sought to dismiss plaintiffs' Labor Law § 240(1) claims, grant summary judgment to plaintiffs as to liability on their Labor Law § 240(1) claims, and otherwise affirmed, without costs.
Plaintiffs made a prima facie showing of entitlement to summary judgment as to liability on their Labor Law § 240(1) claim, since the injured plaintiff (plaintiff) established that the task he was performing when he was injured — namely, power washing of HVAC chillers — is considered "cleaning" within the meaning of § 240(1) (see Soto v J. Crew Inc., 21 NY3d 562, 568-569 [2013]). The task was not merely routine, as it did not occur on a recurring schedule as part of the ordinary care of the premises, involved elevation risks not comparable to those encountered in domestic cleaning, and required specialized equipment. Accordingly, the activity falls under the protections of the statute (see id. at 568; Ixcoy v Pavlou, 189 AD3d 542, 542 [1st Dept 2020]; Fox v Brozman-Archer Realty Servs., 266 AD2d 97, 98 [1st Dept 1999]).
Further, plaintiff's actions were not the sole proximate cause of the accident (see Plywacz v 85 Broad Street LLC, 159 AD3d 543, 544 [1st Dept 2018]). Although HHS adduced evidence that it was the policy of plaintiff's employer not to use any equipment from other trades, and that plaintiff should have contacted a supervisor upon realizing that the work involved a height differential, there is no evidence that these policies were communicated to plaintiff (see Gallagher v New York Post, 14 NY3d 83, 88 [2010]; Nacewicz v Roman Catholic Church of the Holy Cross, 105 AD3d 402, 403 [1st Dept 2013]).
Since plaintiffs are entitled to summary judgment as to liability on their § 240(1) claim, we need not address plaintiffs' Labor Law § 200 and negligence claims (see Auriemma v Biltmore Theatre, LLC, 82 AD3d 1, 11-12 [1st Dept 2011]; Jerez v Tishman Constr. Corp. of N.Y., 118 AD3d 617, 617-618 [1st Dept 2014]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 3, 2022