**Mieles v 122 Mott Realty Corp.**

2025 NY Slip Op 30517(U)

February 14, 2025

Supreme Court, New York County

Docket Number: Index No. 154885/2021

Judge: Mary V. Rosado

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    HON. MARY V. ROSADO

_Justice_

PART    **33M**

-----------------------------------------------------------------------X

RAUL P. MIELES,

Plaintiff,

- v -

122 MOTT REALTY CORPORATION,

Defendant.

-----------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 154885/2021 |
| MOTION DATE | 08/19/2024 |
| MOTION SEQ. NO. | 005 |

**DECISION + ORDER ON MOTION**

122 MOTT REALTY CORPORATION

Plaintiff,

-against-

ALL SEASON RESTORATION, INC. D/B/A SERVPRO OF MIDTOWN MANHATTAN

Defendant.

-----------------------------------------------------------------------X

Third-Party
Index No. 595983/2021

122 MOTT REALTY CORPORATION

Plaintiff,

-against-

ALL SEASON RESTORATION, INC.

Defendant.

-----------------------------------------------------------------------X

Second Third-Party
Index No. 595229/2023

122 MOTT REALTY CORPORATION

Plaintiff,

-against-

ALL SEASON RESTORATION, INC. D/B/A SERVPRO OF MIDTOWN MANHATTAN

Defendant.

-----------------------------------------------------------------------X

Third Third-Party
Index No. 595068/2024

**154885/2021 MIELES, RAUL P. vs. 122 MOTT REALTY CORPORATION**
**Motion No. 005**

Page 1 of 5

The following e-filed documents, listed by NYSCEF document number (Motion 005) 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 121 were read on this motion to/for            **JUDGMENT - SUMMARY**      .

Upon the foregoing documents, and after a final submission date of November 26, 2024, Plaintiff Raul P. Mieles' ("Plaintiff") motion for summary judgment on his Labor Law §§ 240(1) and 241(6) claims against Defendant/Third-Party Plaintiff 122 Mott Realty Corporation ("Defendant") is granted in part and is otherwise academic.

## I.    Background

Defendant owns the building located at 81 Elizabeth Street, New York, New York (the "Premises"). In December of 2020, there was a fire at the Premises which damaged the Premises' ventilation system. Defendant retained Servpro, Plaintiff's employer, to clean all the ducts damaged in the fire. To clean the ducts, Plaintiff utilized a 200-pound vacuum. On the date of his accident, Plaintiff was carrying the heavy machinery, with his co-worker, up and down flights of stairs. Although Plaintiff requested straps, a rope, or a pulley to move the machine, his request was denied. Near the top of the stairs, Plaintiff's co-worker slipped on debris and lost his grip of the machinery, causing it to crash down the stairs and hit Plaintiff.

## II.    Discussion

"Summary judgment is a drastic remedy, to be granted only where the moving party has tendered sufficient evidence to demonstrate the absence of any material issues of fact" (*Vega v Restani Const. Corp.*, 18 NY3d 499, 503 [2012]). The moving party's "burden is a heavy one and on a motion for summary judgment, facts must be viewed in the light most favorable to the non-moving party" (*Jacobsen v New York City Health and Hosps. Corp.*, 22 NY3d 824, 833 [2014]). Once this showing is made, the burden shifts to the party opposing the motion to produce evidentiary proof, in admissible form, sufficient to establish the existence of material issues of fact

which require a trial (*See e.g., Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Pemberton v New York City Tr. Auth.*, 304 AD2d 340, 342 [1st Dept 2003]).

Plaintiff's motion for summary judgment on his Labor Law § 240(1) claim is granted. The Court of Appeals has instructed Courts to interpret Labor Law §240(1) liberally to accomplish its purpose of ensuring workers are properly protected against elevation related hazards (*Zimmer v Chemung County Performing Arts, Inc.*, 65 NY2d 513 [1985]). Here, it is undisputed that Defendant is a proper labor law defendant as it owns the Premises where Plaintiff was injured. Further, Plaintiff was engaged in "cleaning" within the meaning of Labor Law § 240(1). While routine maintenance is excluded from the protections of Labor Law § 240(1), commercial cleaning which requires specialized knowledge or equipment is protected work under § 240(1) (*see Soto v J. Crew Inc.*, 21 NY3d 562, 568 [2013]).

Here, it is undisputed that Plaintiff was engaged in commercial duct cleaning and was contracted as part of the Premises' renovation after a fire. Indeed, Plaintiff's employer, Servpro, advertises itself as "one of the largest nationwide cleaning and restoration franchise systems in the United States" (NYSCEF Doc. 108). Moreover, Cynthia Sha, the manager of the Premises, testified that the fire caused soot and black ash to spread over all six floors of the building, which necessitated the cleaning (NYSCEF Doc. 103 at 38). Thus, the cleaning Plaintiff was engaged in was not routine – it was to restore the building to its prior condition after a fire. Moreover, the need to clean an entire six floor building, which required moving heavy equipment throughout various floors constitutes an elevation related risk (*Runner v New York Stock Exchange, Inc.*, 13 NY3d 599 [2009]; *Mazzarisi v NY Society for Relief of Ruptured & Crippled, Maintaining Hosp. for Special Surgery*, 205 AD3d 424 [1st Dept 2022]; *DeKenipp v Rockefeller Center, Inc.*, 60 AD3d 550 [1st Dept 2009]).

[* 3]

Finally, Plaintiff has established that the failure to provide an adequate safety device for moving the 200-pound vacuum was a proximate cause of his accident. Plaintiff's expert opines that Plaintiff should have been provided with a hand truck to safely move the vacuum, an argument that Defendant's expert does not refute. While Defendant's expert argues the vacuum had features which made it similar to a hand truck, Defendant's expert does not contradict Plaintiff's argument that the provision of a hand truck would have made the transport of the vacuum safer. Nor does Defendant's expert opine that the vacuum's features made it the equivalent of a hand truck (*see* NYSCEF Doc. 109 *cf.* NYSCEF Doc. 116). Although the failure to provide an adequate safety device was not the sole proximate cause of Plaintiff's accident, this does not preclude a finding of a Labor Law § 240(1) violation (*see Landi v SDS William St., LLC*, 146 AD3d 33 [1st Dept 2016]; *Aramburu v Midtown West B, LLC*, 126 AD3d 498 [1st Dept 2015]). "Rather than using plaintiff [and his coworker] as the securing device contemplated by the statute, he should have been provided with one instead" (*Aramburu, supra*, quoting *Luongo v City of New York*, 72 AD3d 609, 611 [1st Dept 2010]).

Defendant's attempt to raise an issue of fact based on inadmissible statements in Plaintiff's medical records is insufficient to defeat summary judgment. As repeatedly held by the First Department, statements in medical records are not admissible where the records are not authenticated or certified, the cause of the injury is not germane to diagnosis or treatment, and where a movant fails to establish that a plaintiff who does not speak English was the source of the information recorded and that the information was accurately translated (*see Lourenco v City of New York*, 228 AD3d 577, 582 [1st Dept 2024] citing *Quispe v Lemle & Wolff, Inc.*, 266 AD2d 95, 96 [1st Dept 1999]).

Because Plaintiff's motion for partial summary judgment on his Labor Law §240(1) claim is granted, his motion seeking summary judgment on his Labor Law §241(6) claim is academic (*Malan v FSJ Realty Group II LLC*, 213 AD3d 541 [1st Dept 2023]).

Accordingly, it is hereby,

ORDERED that Plaintiff Raul P. Mieles' motion for summary judgment on his Labor Law §§ 240(1) and 241(6) claims against Defendant/Third-Party Plaintiff 122 Mott Realty Corporation is granted in part and is otherwise academic; and it is further

ORDERED that Plaintiff is granted summary judgment on the issue of liability with respect to his Labor Law § 240(1) claim against Defendant/Third-Party Plaintiff 122 Mott Realty Corporation; and it is further

ORDERED that Plaintiff's motion for partial summary judgment on his Labor Law § 241(6) claim is academic; and it is further

ORDERED that within ten days of entry, counsel for Plaintiff shall serve a copy of this Decision and Order, with notice of entry, on all parties via NYSCEF.

This constitutes the Decision and Order of the Court.

| 2/14/2025 | | | _May V Rosad JSC_ | |
|---|---|---|---|---|
| DATE | | | HON. MARY V. ROSADO, J.S.C. | |

| CHECK ONE: | | CASE DISPOSED | x | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | DENIED x | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

[* 5]