Siguencia v Hudson Cos. Inc. (2026 NY Slip Op 00598)

Siguencia v Hudson Cos. Inc.

2026 NY Slip Op 00598

Decided on February 05, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 05, 2026

Before: Moulton, J.P., Friedman, Higgitt, Rosado, O'Neill Levy, JJ. 

Index No. 152852/19 595213/20 595187/21|Appeal No. 5738|Case No. 2024-06486|

[*1]Juan Siguencia, Plaintiff-Respondent,
vThe Hudson Companies Incorporated, et al., Defendants-Respondents-Appellants.
The Hudson Companies Incorporated, et al., Third-Party Plaintiffs-Respondents-Appellants,
vNew York Hoist, LLC, et al., Third-Party Defendants-Appellants-Respondents. 
The Hudson Companies Incorporated, et al., Second Third-Party Plaintiffs-Respondents-Appellants,
vB& Contracting Enterprises Inc., Second Third-Party Defendant- Respondent.

Pillinger Miller Tarallo, LLP, Elmsford (Michael R. Manarel of counsel), for appellants-respondents.
Perry, Van Etten, Rainis & Kutner, LLP, New York (Kevin J. Brennan of counsel), for respondents-appellants.
Pollack, Pollack, Isaac & DeCicco, LLP, New York (Joshua Block of counsel), for Juan Siguencia, respondent.
Gallo Vitucci Klar LLP, New York (Chirag Satsangi of counsel), for B&V Contracting Enterprises Inc., respondent.

Order, Supreme Court, New York County (Nicholas W. Moyne, J.), entered October 2, 2024, which granted plaintiff's motion for partial summary judgment on the Labor Law § 240(1) claim as against defendants Athena Housing Associates, LLC and Bruno Frustaci Contracting Inc. (collectively, owner/GC), and denied the motion of third-party defendants New York Hoist, LLC and NYC Crane Hoist & Rigging, LLC (collectively Hoist/Crane) for summary judgment dismissing all claims and cross-claims against them and on their cross-claim against second third-party defendant B&V Contracting Enterprises Inc. for common-law indemnification and/or contribution, unanimously modified, on the law, to grant Hoist/Crane's motion for summary judgment dismissing all claims and cross-claims against them, and otherwise affirmed, without costs.
Plaintiff established prima facie entitlement to summary judgment on his Labor Law § 240(1) claim against owner/GC. Plaintiff's evidence established that he was working in a crouched position when he was struck by several 250-pound, 9 feet tall doorframes with significant gravitational force as they toppled onto him from where they leaned unsecured against a wall (see Argueta v 39 W 23rd St. LLC, 236 AD3d 564, 565 [1st Dept 2025]; Diaz v HHC TS Reit LLC, 193 AD3d 640, 641 [1st Dept 2021]). Plaintiff's testimony was corroborated by other evidence, including the affidavit of Freddy Guartan, a co-worker who witnessed the accident, and the photographs taken by the general contractor's supervisor that showed unsecured, stacked, and leaning doorframes in other areas of the project. The Incident Investigation Report prepared by plaintiff describing the accident gave defendants adequate notice of Guartan's testimony by identifying him as "Freddy G."
In opposition, owner/GC offered no evidence that could give rise to a triable issue as to how plaintiff was injured (see Pichardo v Urban Renaissance Collaboration Ltd. Partnership, 51 AD3d 472, 473 [1st Dept 2008]). Owner/GC's argument that plaintiff was obligated to demonstrate what safety devices enumerated in Labor Law § 240(1) were required under the circumstances is unavailing (see Noble v AMCC Corp., 277 AD2d 20, 21 [1st Dept 2000]). In any event, plaintiff established that the failure to secure the doorframes at the worksite was a proximate cause of his injuries (see e.g. Bonaerge v Leighton House Condominium, 134 AD3d 648, 649 [1st Dept 2015]; Loaiza v Museum of Arts & Design, 228 AD3d 511 [1st Dept 2024]).
Hoist/Crane were entitled to summary judgment dismissing all third-party claims and cross-claims asserted against them by owner/GC and B&V. There was no evidence that Hoist/Crane had anything to do with storing the doorframes at the worksite, and owner/GC offered only speculation that Hoist/Crane were somehow responsible for the doorframes' toppling over onto plaintiff. The language in the two indemnification provisions at issue obligate Hoist/Crane to indemnify owner/GC for "any and all claims . . . arising in whole or in part and in any manner from injury and/or death of person" "caused . . . by" or "resulting from [indemnitors'] acts, omission, breach or default" in the performance of the subcontract work. Such language requires a showing of "fault" by the indemnitor in order to trigger the obligation to indemnify (see Otero v 635 Owner LLC, 210 AD3d 435, 437-438 [1st Dept 2022]). Thus, Hoist/Crane are entitled to summary judgment dismissing owner/GC's contractual indemnification claim against them. As to the branch of Hoist/Crane's motion for summary judgment dismissing owner/GC's claims for common-law indemnification and contribution, owner/GC have not addressed these arguments, and these claims are deemed abandoned.
As there was no agreement between Hoist/Crane and B&V for contractual indemnity, B&V's cross-claim against Hoist/Crane for such relief should be dismissed (see Wunderlich v Turner Constr. Co., 147 AD3d 598, 598 [1st Dept 2017]). As for B&V's common-law negligence claim against Hoist/Crane, there is nothing in the record tending to show that Hoist/Crane was negligent (see McCarthy v Turner Constr., Inc., 17 NY3d 369, 377-378 [2011]). B&V's contribution cross-claim against Hoist/Crane should also be dismissed in the absence of evidence of negligence on the part of Hoist/Crane.
In light of the dismissal of all third-party claims and cross-claims against Hoist/Crane, their arguments in support of summary judgment on their common-law indemnification and contribution claims against B&V are academic.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 5, 2026