| |
|---|
| **Vergara v Corporation of the Presiding Bishop of the Church of Jesus Christ of Latter-Day Sts.** |
| 2026 NY Slip Op 30850(U) |
| March 9, 2026 |
| Supreme Court, New York County |
| Docket Number: Index No. 150620/2019 |
| Judge: David B. Cohen |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. DAVID B. COHEN**

*Justice*

PART 58

--------------------------------------------------------------------------------X

JORGE VERGARA, RUTH VERGARA

Plaintiffs,

- v -

CORPORATION OF THE PRESIDING BISHOP OF THE
CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS,
SOUTHEAST COMMERCIAL, LLC,

Defendants.

--------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 150620/2019 |
| MOTION DATE | 01/07/2025, 01/07/2025 |
| MOTION SEQ. NO. | 001 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 54, 55, 56, 60, 61, 63

were read on this motion to/for                JUDGMENT - SUMMARY                .

The following e-filed documents, listed by NYSCEF document number (Motion 002) 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 57, 58, 59, 62

were read on this motion to/for                JUDGMENT - SUMMARY                .

In this Labor Law action, plaintiffs move, pursuant to CPLR 3212, for partial summary judgment as to liability under Labor Law § 240(1) against defendants Corporation of the Presiding Bishop of the Church of Jesus Christ of Latter-Day Saints (the Church) and Southeast Commercial LLC (Southeast) (together, defendants) (Motion Seq. 002). Defendants oppose and, separately, move for summary judgment dismissing the complaint against them in their entirety (Motion Seq. 001). Plaintiffs oppose that motion.

## I.      BACKGROUND FACTS

This action arises out of an incident in which plaintiff allegedly fell from a ladder while removing accumulated snow from a canopy above the entrance of a residential apartment building. On March 22, 2018, the Church owned the premises, a residential apartment building located at 2 Lincoln Square, New York, New York, and Southeast was also an owner and

150620/2019   VERGARA, JORGE vs. CORPORATION OF THE PRESIDING
Motion No.  001 002

Page 1 of 7

[* 1]

leaseholder of the premises (NYSCEF 48, 59).  Plaintiff Jorge Vergara was employed by Rose Associates (a non-party to this action), which managed the premises on behalf of defendants (NYSCEF 59).  Plaintiff testified that his duties included general maintenance and cleaning of the building, including floors, walls, glass, and the exterior perimeter (NYSCEF 47).

On the morning of March 22, 2018, while plaintiff was cleaning the lobby interior, the doorman informed him that snow had accumulated on the canopy above the front entrance of the premises and was melting and leaking onto people entering the building, and asked plaintiff to remove the snow (*id.*).  Plaintiff's supervisor, the building's super, confirmed that he should do so (*id.*).

Plaintiff selected the only ladder available in a supply closet, an A-frame that was approximately six-feet tall, along with a rubber brush attached to a pole approximately four-feet long (*id.*).  He positioned the ladder outside, beneath the canopy, and ascended to the second rung from the top in order to remove the snow (*id.*).  Plaintiff testified that the doorman initially held the ladder to steady it, but walked away mid-task without notifying plaintiff, at which point the ladder began to shake and tip to the side, causing plaintiff to fall to the ground and land on top of the ladder (*id.*).

Plaintiff testified that snow removal was typically performed by other workers at the building, but that he had previously removed snow from the canopy "sometimes," using either a brush or a ladder (*id.*).  At the time of the incident, there was no construction, demolition, renovation, or similar work taking place at the building, and no scaffolding was erected (NYSCEF 59).

In support of their motion, defendants submit the affirmation of Michael Dehner, a representative of Southeast.  Dehner affirms that the Church owned the premises, and Southeast

150620/2019   VERGARA, JORGE vs. CORPORATION OF THE PRESIDING
Motion No.  001 002

Page 2 of 7

2 of 7

[* 2]

was the leaseholder at the time of the incident, and that neither defendant supervised, directed, or controlled plaintiff's work. He further states that defendants had no personal knowledge of the circumstances surrounding plaintiff's accident and were not aware of any witnesses thereto (NYSCEF 59).

II.      DISCUSSION

A        Motion Seq. 002 – Plaintiffs' Motion for Summary Judgment

         Party Contentions

Plaintiffs move for summary judgment on liability, arguing that plaintiff was engaged in "cleaning" within the meaning of the statute when directed to remove accumulated snow from the building's entrance canopy. Plaintiffs assert that while standing on a ladder, it shook and tilted sideways, causing plaintiff to fall. They maintain that the ladder failed to provide proper protection and that its movement establishes a statutory violation. Plaintiffs further contend that the task was not routine maintenance but a discrete assignment that exposed plaintiff to an elevation-related hazard, that the ladder was the only one available, and that no alternative safety devices were provided.

Defendants oppose the motion and argue that Labor Law § 240(1) does not apply because plaintiff was performing routine snow removal, which constitutes maintenance rather than "cleaning" under the statute. They emphasize that no construction, renovation, repair, or alteration work was underway at the premises at the time of the incident. Defendants contend that removing snow from the canopy was a recurring task performed as needed during winter weather and required no specialized equipment or expertise. They argue that the work involved ordinary tools, that the ladder was not defective, that it did not collapse or break, and that plaintiff's accident occurred while he was using the equipment in an ordinary manner. Based on

these arguments, defendants contend that the statute is inapplicable as a matter of law and that plaintiffs' motion must be denied.

Analysis

Pursuant to Labor Law § 240(1), owners and contractors engaged in the "erection, demolition, repair, altering, painting, cleaning or pointing of a building or structure" must furnish safety devices so constructed and placed as to provide proper protection to a person so employed.

Although "cleaning" is an enumerated activity under the statute, not every cleaning-related task falls within its ambit. In *Soto v J. Crew Inc.*, the Court of Appeals held that an activity is not properly characterized as "cleaning" under the statute if it:

> "(1) is routine, in the sense that it is the type of job that occurs on a daily, weekly or other relatively frequent and recurring basis as part of the ordinary maintenance and care of commercial premises; (2) requires neither specialized equipment or expertise, nor the unusual deployment of labor; (3) generally involves insignificant elevation risks comparable to those inherent in typical domestic or household cleaning; and (4) in light of the core purpose of Labor Law § 240(1) to protect construction workers, is unrelated to any ongoing construction, renovation, painting, alteration or repair project"

(21 NY3d 562, 568–569 [2013]). The presence or absence of any one factor is not dispositive; rather, the task must be evaluated in its totality (*id.*).

Here, plaintiff was directed to remove accumulated snow from the entrance canopy at the premises. Under the first *Soto* factor, the work was routine in nature, as the relevant inquiry is whether the type of task would be expected to recur with relative frequency as part of the ordinary maintenance of the property (*id.*, *see also Healy v EST Downtown, LLC*, 38 NY3d 998 [2022]). Snow removal is a recurring, weather-driven maintenance obligation inherent in the ordinary upkeep of property and falls within that category.

The First Department's decision in *Escobar v MRS II Realty, LLC* (191 AD3d 523 [1st Dept 2021]) is directly instructive. There, the plaintiff fell from a ladder while removing snow

150620/2019   VERGARA, JORGE vs. CORPORATION OF THE PRESIDING
Motion No.  001 002

Page 4 of 7

[* 4]

from a sign and tiled awning over a grocery store. The court held that such activity constituted routine maintenance, not "cleaning," within the meaning of Labor Law § 240(1). As in *Escobar*, plaintiff here was engaged in snow removal from an exterior structure using a ladder, unrelated to any construction project. The fact that the canopy in this case was attached to a residential building rather than a commercial storefront does not alter the essential character of the task. In both instances, the activity was weather-related, recurring, and part of ordinary building maintenance.

The remaining *Soto* factors do not compel a different result. Plaintiff's task required no specialized equipment or technical expertise. He used an ordinary A-frame ladder and a handheld brush — tools commonly employed in routine maintenance. This contrasts with cases where cleaning was deemed protected because it involved specialized equipment, non-domestic elevation risks, or was integrally related to construction work (*see e.g. Mazzarisi v New York Society for the Relief of the Ruptured and Crippled*, 205 AD3d 424 [1st Dept 2022] [cleaning HVAC with power washer not routine]; *Ixcoy v Pavlou*, 189 AD3d 542 [1st Dept 2020] [cleaning exterior exhaust fan with pressure hose, pistol gun and chemicals protected under statute]; *Morales v Avalon Bay Communities, Inc.*, 140 AD3d 533 [1st Dept 2016] [cleaning kitchen cabinets in residential unit using three-foot stepladder not protected]). Additionally, although plaintiff was exposed to a height differential while standing on the ladder, the mere presence of an elevation-related risk does not transform routine maintenance into statutory "cleaning." Finally, plaintiff's work was wholly unrelated to any ongoing construction or renovation project.

Viewing the circumstances in their totality, plaintiff was not engaged in "cleaning" within the meaning of Labor Law § 240(1), but rather in routine maintenance. Accordingly,

[* 5]

plaintiffs have failed to establish entitlement to summary judgment on their Labor Law § 240(1) claim and their motion is denied.

### B.     Defendants' Motion (Seq. 001)

Defendants move for summary judgment dismissing the complaint in its entirety. Plaintiffs oppose only the branch of the motion addressing Labor Law § 240(1).

For the reasons stated above, plaintiff was not engaged in a protected activity within the meaning of Labor Law § 240(1).  Accordingly, defendants are entitled to summary judgment dismissing that claim.

Plaintiffs do not oppose the branches of defendants' motion seeking dismissal of the claims pursuant to Labor Law §§ 240(2), 240(3), 241(6), 200, and common-law negligence. Accordingly, those claims are deemed abandonded (*see Siguencia v Hudson Companies Inc.,* — AD3d —, 2026 NY Slip Op 00598 [1st Dept 2026]).  As the underlying claims are dismissed, the derivative loss of consortium claim is also dismissed.

### III.     CONCLUSION

Accordingly, it is hereby

ORDERED that plaintiffs' motion for summary judgment pursuant to Labor Law § 240(1) (Motion Seq. 002) is denied; and it is further

ORDERED that defendants' motion for summary judgment (Motion Seq. 001) is granted; and it is further

150620/2019   VERGARA, JORGE vs. CORPORATION OF THE PRESIDING          Page 6 of 7
Motion No.  001 002

6 of 7

[* 6]

ORDERED that the complaint is dismissed in its entirety as against defendants; and it is

further

ORDERED that the Clerk is directed to enter judgment accordingly.

20260309165411DCOHENBA15D8FC8A8B477B8AEA4E27AE0E8CF9

__3/9/2026__
__DATE__                                                __DAVID B. COHEN, J.S.C.__

| CHECK ONE: | | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|---|
| | | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

__150620/2019   VERGARA, JORGE vs. CORPORATION OF THE PRESIDING__        __Page 7 of 7__
__Motion No.  001 002__

7 of 7

[* 7]